47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. HAMRICK, Defendant-Appellant.
 No. 94-5316.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 
 
 2
 Defendant James R. Hamrick appeals the sentence imposed upon his plea of guilty to conspiracy, mail fraud, interstate transportation of fraudulent securities, and money laundering in violation of 18 U.S.C. Secs. 371, 1341, 2314, and 1956(a)(1)(B)(i). On appeal, defendant contends that the District Court erred by (1) failing to consider defendant's objections at resentencing, (2) enhancing his base level because his fraudulent scheme targeted vulnerable victims, and (3) declining to grant defendant an additional one-point reduction for acceptance of responsibility. For the following reasons, we affirm.
 
 I.
 
 3
 Defendant, a practicing lawyer and a former judge, controlled Holston Loan Company. Between March 16, 1984 and September 11, 1991, defendant and others under his direction carried out a scheme to defraud investors in the Holston Loan. Defendant continued his scheme even after a July 1989 cease and desist order from the State of Tennessee. Defendant induced investments by fraudulent newspaper ads and false oral representations that the company would pay above-market interest rates, that the monies invested would be loaned to individuals under guaranteed federal programs, and that the investments were fully insured. Approximately 375 investors were defrauded, with losses ranging from $5,000 to $440,000. Most of the defrauded victims were retired persons on a fixed income who were dependent on interest income from their savings.
 
 
 4
 On September 11, 1991, defendant pled guilty to a 92 count Information which charged violations of 18 U.S.C. Sec. 371 (conspiracy), Sec. 1341 (mail fraud), Sec. 2314 (interstate transportation of fraudulent securities) and Sec. 1956(a)(1)(B)(i) (money laundering). On November 19, 1991, the day before sentencing, defendant attempted to withdraw his guilty plea. The District Court denied defendant's motion and sentenced defendant to 96 months in accordance with the plea agreement and applicable guideline range.
 
 
 5
 Defendant appealed his conviction and sentence, challenging the factual basis for the money laundering charges and the sentence enhancement for violation of an administrative order pursuant to U.S.S.G. Sec. 2F1(b)(2)(B). On December 17, 1992, a panel of this court remanded the case to allow the United States to supplement the record on the money laundering charge. See United States v. Hamrick, No. 91-6398 (6th Cir. December 17, 1992) (per curium).
 
 
 6
 After the issuance of the remand, the United States, pursuant to a change in Department of Justice policy, moved to dismiss the money laundering charges. The United States Probation Office recomputed the guideline range. At resentencing, defendant filed several objections based on the original presentence report. The District Court declined to hear defendant's objections, reasoning that defendant had waived them by not raising them during his first appeal. The Court also declined to award an additional one level decrease for acceptance of responsibility. This additional decrease was available as a result of a recent amendment to the Guidelines. Defendant was sentenced to 71 months incarceration.
 
 II.
 
 7
 Defendant first argues that the District Court erred by failing to consider his objections to the original presentence report at the resentencing hearing. This Court's previous remand order, however, clearly limited the scope of the resentencing. The Court stated that "we remand the case so that the government has the opportunity to provide a sufficient factual basis for the money laundering charges. We affirm the district court in all other respects." See United States v. Hamrick, No. 91-6398, slip. op. at 6 (6th Cir. December 17, 1992) (per curium). Defendant, therefore, was not entitled to raise objections based upon the original presentence report. See United States v. Moored 38 F.3d 1419 (6th Cir.1994) (holding that the district court was free to address new issues where the scope of remand was not limited and issue had not been decided on appeal).
 
 
 8
 Second, defendant argues that the District Court improperly enhanced his sentence for targeting vulnerable victims pursuant to U.S.S.G. Sec. 3A1.1. Because we conclude that the remand order was limited, we hold that defendant was not entitled to raise this objection at resentencing. We also note that defendant's plea agreement expressly stated that the enhancement was appropriate.
 
 
 9
 Finally, defendant argues that the District Court improperly denied his motion for an additional one-point reduction for acceptance of responsibility. A district court's determination of acceptance of responsibility is reviewed for clear error. See United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992). Subsequent to defendant's initial sentencing, section 3E1.1 was amended to allow an additional one-point reduction for acceptance of responsibility if certain criteria were met.[1] A defendant's offense level must be 16 or greater, and a defendant must either have provided complete information to the government concerning his involvement or timely notified the authorities of his intention to enter a guilty plea. See U.S.S.G. Sec. 3E1.1(b).
 
 
 10
 The District Court denied the motion, noting that defendant had attempted to withdraw his guilty plea before the original sentencing hearing. At that time, the District Court concluded that defendant's motion to withdraw his plea was an attempt to manipulate the court and prolong the proceedings. Additionally, the record contains evidence that defendant was uncooperative and provided little useful information when interviewed by federal investigators. The District Court's determination, therefore, was not clearly erroneous.
 
 III.
 
 11
 Accordingly, we AFFIRM the judgment of the District Court.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The United States argues that because the remand was limited to the money laundering charges, the District Court should not have considered this amendment. Because we affirm the District Court's denial of the reduction, we decline to reach this issue