**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael John MODENA, Defendant–Appellant.**

No. 03–1070.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2004.

Donald A. Davis, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Mark A. Whitt, Shannon M. Shoaff, Jones Day, Cleveland, OH, Michael John Modena, pro se, Lisbon, OH, for Defendant–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

This is a direct appeal from a criminal judgment and commitment order entered following a remand from this court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Michael John Modena was found guilty by a jury of conspiracy to commit income tax evasion, in violation of 18 U.S.C. § 371. The district court sentenced Modena to a sixty-month term of imprisonment and a three-year period of supervised release. A panel of this court affirmed in part, and vacated and remanded in part, on direct appeal. *United States v. Modena*, 302 F.3d 626 (6th Cir.2002). The district court resentenced Modena and this appeal followed. Co-counsel for Modena filed a motion to withdraw from this appeal and filed a "no merit" brief

pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Modena filed a brief in his own behalf.

Modena was convicted of conspiring to carry out an elaborate scheme to evade federal income tax requirements. The Sixth Circuit panel hearing the appeal affirmed the judgment in every respect except for a sentencing issue concerning three special conditions attached to Modena's supervised release. The panel agreed that the district court erred in imposing the following three special conditions.

(8) The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

(9) The defendant shall participate in a program of testing and treatment for alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

. . .

(11) The defendant shall abstain from all use of alcoholic beverages.

The opinion concluded with this paragraph:

### III.  CONCLUSION

For all of the reasons set forth above, we AFFIRM Modena's conviction, VACATE his sentence, and REMAND this case for resentencing without the special conditions on Modena's supervised release that require him to undergo testing and treatment for drug and alcohol abuse and to abstain from the use of alcoholic beverages.

*Modena,* 302 F.3d at 636–37.

On remand, the district court entered a second amended judgment and commitment order after omitting the drug and alcohol special conditions of supervised release as directed.

Co-counsel for Modena advance one arguable issue for review, namely, whether the district court complied with the limited remand, while conceding its lack of merit. Modena filed a pro se brief in which he asks this court to strike the brief of his attorneys whom he characterizes as ineffective.

An appellate court possesses the authority to issue either a general or limited remand. In the context of a criminal appeal, a general remand means that the district court is free to "redo the entire sentencing process including considering new evidence and issues." *United States v. Moore,* 131 F.3d 595, 597 (6th Cir.1997). A limited remand is one that plainly limits the "scope of the district court's review." *United States v. Campbell,* 168 F.3d 263, 267 (6th Cir.1999). The interpretation of a mandate is a legal issue which this court determines de novo. *Moore,* 131 F.3d at 598.

A de novo review of the case at bar shows that the nature of the remand was limited. The sentencing issue was specifically identified and the remand was plainly limited to correcting this issue. The district court was not empowered to revisit any other aspect of Modena's judgment. The amended judgment before the court reflects the district court's literal compliance with the limited remand. This issue lacks merit.

The issues raised by Modena in his pro se brief are not worthy of an extended discussion. Modena maintains that he received ineffective assistance of counsel from his attorneys on remand. This claim is completely unsupported in law or fact and, as such, will not be entertained by this court initially on direct appeal. *See, e.g., United States v. Brown,* 276 F.3d 211,

217 (6th Cir.2002). This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted, all other pending motions filed by Modena are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.