NOT FOR PUBLICATION
File Name: 07a0069n.06
Filed: January 26, 2007

NO. 06-5586

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Petitioner-Appellant,

v.

DAVID HERBERT PROCTER,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

_____/

Before: SUHRHEINRICH, SUTTON and MCKEAGUE; Circuit Judges.

      **SUHRHEINRICH, J.,** Petitioner-Appellant David Procter ("Defendant") appeals *pro se* from the order of judgment and sentence for conspiracy and distribution of controlled substances without a legitimate medical purpose and outside the usual course of medical practice. We **AFFIRM**.

## I. Facts

      On July 15, 2002, Defendant, a medical doctor, was indicted in the Eastern District of Kentucky in a four-count indictment, resulting from Defendant's operation of a medical clinic, where he distributed controlled substances without a legitimate medical purpose. The indictment charged Defendant with: conspiracy to knowingly and intentionally distribute, dispense, and possess with intent to distribute and dispense, measurable quantities of Schedule II, III, and IV controlled

1

substances, in violation of 21 U.S.C. §§ 841(a) (1) and 846 (Count 1); knowingly and intentionally distributing and dispensing measurable quantities of Schedule II and IV controlled substances to a Shelby Caldwell without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a) (1) (Count 2); knowingly and intentionally distributing and dispensing measurable quantities of Schedule III and IV controlled substances to a Denise Galloway without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a) (1) (Count 3); and knowingly and intentionally distributing and dispensing measurable quantities of Schedule III and IV controlled substances to a Tracey Bowling without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a) (1) (Count 4).

Pursuant to a plea agreement, the government agreed to drop Count 4, and Defendant pleaded guilty to Counts 1, 2, and 3 of the indictment. On August 28, 2003, the district court sentenced Defendant to 200 months. This Court affirmed Defendant's conviction and sentence. The Supreme Court vacated the judgment and remanded the case to this Court for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Procter v. United States*, 543 U.S. 1137 (2005). This Court remanded the case to the district court for reconsideration in light of *Booker*. Upon remand, the district court reduced Defendant's sentence to 141 months after considering the advisory Guidelines range of 188 to 235 months, Defendant's cooperation, and the statutory sentencing factors.

In his second appeal following remand, Defendant, appearing *pro se*, asserts four claims of error which include five arguments. First, he contends his plea agreement is unenforceable because he was not competent to enter into it due to prior significant physical and mental injuries. Second, he argues the district court failed to determine the quantity of drugs and other sentencing enhancements by a jury or by a specific stipulation and by a beyond a reasonable doubt standard,

2

thereby violating his Fifth and Sixth Amendment rights. Third, he contends the district court violated Rule 11, thereby prejudicing his substantial rights, by failing to mention in the plea colloquy that Defendant could not withdraw his plea if the court did not accept the government's sentencing recommendations. Fourth, he asserts the Supreme Court's granting of the writ of certiorari vacated Defendant's entire conviction, thereby rendering his plea null and void. Lastly, in the final pages of his appellate brief, Defendant argues that his sentence is substantively unreasonable.

## II. Analysis

Defendant's first two issues were raised and decided in his initial appeal before this Court, and are not properly before us now. At the conclusion of the oral argument in the first appeal this Court rejected Procter's arguments regarding his competency to plead guilty and the quantity of drugs. "Determinations by a Court of Appeals become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (citing *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994)). This Court will not disturb its prior ruling. *United States v. McKinley*, 227 F.3d 716, 719 (6th Cir. 2000) (holding defendant may not contest drug amount when upheld in prior appeal). Therefore, issues one and two are without merit.

Defendant's third argument could have been brought in his first appeal and is therefore waived. Defendant may not reassert issues that he raised or should have raised in his earlier appeal. *McKinley*, 227 F.3d at 718 (holding that "[w]hile the district court may entertain any issues it feels are relevant to the overall sentencing decision (citation omitted) this does not give the parties license to re-assert issues that they should have raised during an earlier appeal"); *United States v. Adesida*, 129 F.3d 846, 849-50 (6th Cir. 1997). Issue three is without merit.

3

Lastly, Defendant's remand was limited. In remanding the case, this Court declared: "[i]t is further ORDERED that the case is REMANDED to the District Court for reconsideration in light of *United States v. Booker*, 543 U.S. ____ (2005)." It is clear from the writ of certiorari as well as the Supreme Court's decision that the remand was for the purpose of a so-called "*Booker* re-sentencing" and not for a reconsideration of those issues previously decided by this Court. *Procter*, 543 U.S. at 1137. "Remands for consideration in light of *Booker* are for the purpose of allowing the sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory." *Haynes*, 468 F.3d at 425 (holding that as "the remand was limited to resentencing, the district court's decision not to address the defendant's argument regarding the jury instructions was proper") (citing *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005)).

At resentencing, Defendant's sentence was reduced 25% from the low end of the Guidelines, reducing his sentence from 200 to 141 months, followed by three-years supervised release. The district court properly restricted its review on remand to Defendant's sentence, in light of *Booker*.

Defendant contends his 141-month prison sentence is unreasonably long in comparison with sentences imposed on other physicians who were convicted of unlawfully distributing controlled substances. Indeed, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a relevant sentencing consideration. 18 U.S.C. § 3553(a)(6). Defendant has failed to demonstrate, however, that other physicians who received shorter prison sentences had similar records and were convicted of conduct as serious as his. We thus remain unpersuaded that the cited sentence disparities are unwarranted or that Defendant's sentence is unreasonable. *See United States v. Hernandez-Fierros*, 453 F.3d 309,

4

313-14 (6th Cir. 2006) (recognizing that "[s]entencing disparities can exist for many valid reasons").

## III. Conclusion

For all the aforementioned reasons, Defendant's conviction and sentence are **AFFIRMED**.