NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0202n.06
Filed: March 19, 2007

No. 05-6780

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VANCE BOWERS, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Appellant. | ) | |

Before:  KENNEDY, MARTIN and SUTTON, Circuit Judges.

PER CURIAM.  After the Supreme Court granted Vance Bowers a limited remand for the purpose of resentencing him in light of *United States v. Booker*, 543 U.S. 220 (2005), the district court imposed a 156-month sentence (55 months lower than his original pre-*Booker* sentence).  In this appeal, Bowers does not challenge the 156-month sentence (either as a matter of procedure or substance) but rather challenges two features of his underlying conviction—the admission of certain evidence during his trial in violation of the Confrontation Clause and the failure to sever his trial from the trial of his co-defendants in violation of the Due Process Clause.  Because this court rejected these arguments in hearing Bowers' initial appeal and because the Supreme Court granted only a limited remand, we reinstate our earlier opinion as to the conviction and therefore affirm.

I.

On December 20, 2002, a jury found Bowers guilty of conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(b)(1)(C), of kidnaping three individuals, *see* 18 U.S.C. § 1201(a)(1), and of possessing a firearm during, and in relation to, a crime of violence, *see id*. § 924(c). On March 24, 2003, the district court sentenced Bowers to 211 months' imprisonment.

Bowers appealed, arguing among other things that the district court (1) violated his Confrontation Clause rights by admitting into evidence a recorded telephone conversation between a non-testifying co-defendant and a victim, *see Crawford v. Washington*, 541 U.S. 36 (2004), and (2) violated his Due Process rights by refusing to sever his trial from the trial of his co-defendants, *see Bruton v. United States*, 391 U.S. 123 (1968). We rejected each claim (as well as several other claims) and affirmed Bowers' conviction and sentence. *See United States v. Simpson*, 116 F. App'x 736, 741–45 (6th Cir. Dec. 15, 2004).

In his certiorari petition, Bowers raised his *Crawford* and *Bruton* claims and challenged his sentence in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court "GVRed" the petition, which is to say it granted review, vacated our judgment and remanded the case "for further consideration in light of *United States v. Booker*." *Bowers v. United States*, 544 U.S. 995, 995 (2005) (citation omitted). Bowers filed a petition for rehearing, urging the Court to consider his *Crawford* and *Bruton* claims. The Court denied the petition for rehearing. *See Bowers v. United States*, 545 U.S. 1124 (2005).

In accordance with the Court's order, we remanded the case to the district court "solely for resentencing in accordance with the decision in *Booker*." Order at 1, United States v. Bowers, No. 03-5429 (6th Cir. July 21, 2005) (Doc. 258). During the resentencing proceeding, Bowers raised a series of arguments about why his sentence should be less than 211 months (the term of his original sentence) and did not challenge his underlying conviction, though he did say (in his sentencing memorandum) that "Vance continues to preserve the *Crawford* issues raised on direct appeal which were not addressed by the Supreme Court when granting review by remanding the case to the Sixth Circuit for reconsideration in light of *Booker*." JA 173. The district court imposed a 156-month prison sentence on remand and, consistent with the limited nature of the remand order, said nothing about Bowers' underlying convictions.

II.

On this, his second appeal, Bowers does not challenge any aspect of his new sentence. Having conceded the reasonableness of the 156-month sentence, Bowers claims that he wishes only to challenge our court's prior resolution of his *Crawford* and *Bruton* claims or at least "to preserve" them for further "review before the Supreme Court." Br. at 15. We have no authority to help him. We may not revisit our prior panel decision, and it is not for us, but for the Supreme Court, to determine whether he still may seek review of his *Crawford* and *Bruton* claims at this stage in the case.

Appellate courts may issue general or limited remands. *See* 28 U.S.C. § 2106; *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004). A general remand commands lower courts to "begin anew." *United States v. Hebeka*, 89 F.3d 279, 285 (6th Cir. 1996). A limited remand constrains lower courts to address only "the issue or issues remanded." *Orlando*, 363 F.3d at 601 (internal quotation marks omitted).

This was a limited remand. Rather than telling the lower courts to "begin anew" in considering the validity of Bowers' conviction and sentence, the Supreme Court remanded Bowers' case for the exclusive purpose of resentencing him—as the Court made clear when it said that it was remanding "for further consideration in light of *United States v. Booker*." *Bowers*, 544 U.S. at 995. When Bowers sought to broaden the scope of the remand through his petition for rehearing, the Court rebuffed him. *See Bowers*, 545 U.S. 1124. When we sent the case back to the district court, we made clear the limited scope of the remand when we said that we were remanding "solely for resentencing in accordance with the decision in *Booker*." Order at 1, United States v. Bowers, No. 03-5429. And when the district court handled the case a second time, it acted consistently with this limited remand by addressing only the sentencing arguments raised by the parties.

Under these circumstances, we lack authority to offer Bowers any relief regarding his underlying convictions. The case comes to us as a resentencing decision following a limited remand for resentencing purposes only, a point that Bowers ultimately concedes in his reply brief. *See* Reply Br. at 5 ("Mr. Bowers agrees that the language used by this Court in its mandate makes it clear that the remand was limited solely to the issue of resentencing pursuant to the *Booker* decision.").

No. 05-6780
*United States v. Bowers*

Bowers does not challenge his new 156-month sentence. And the only relief he seeks from us relates to the *Crawford* and *Bruton* challenges to his conviction.

Our cases make clear that we have no authority to review issues beyond the scope of a limited remand. *See United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (holding that the defendant's challenge to his conviction was not properly before the court because "[r]emands in light of *Booker* are concerned with sentencing") (internal quotation marks omitted); *Orlando*, 363 F.3d at 602 (holding that the court "lacked the authority" to consider issues outside the scope of the limited remand); *United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999) (holding that the limited remand excluded all other issues from further consideration); *see also United States v. Procter*, No. 06-5586, 2007 WL 215663, at *2 (6th Cir. Jan. 26, 2007) (holding that the remand was limited to "*Booker* re-sentencing"); *United States v. Modena*, 86 F. App'x 927, 928 (6th Cir. Feb. 5, 2004) (holding that the remand was "plainly limited to correcting" the sentencing issue and that defendant could not "revisit any other aspect" of his conviction); *United States v. Roquemore*, No. 95-1140, 1996 WL 219131, at *2 (6th Cir. Apr. 30, 1996) (holding that the limited remand precluded consideration of other issues); *United States v. Hamrick*, No. 94-5316, 1995 WL 35650, at *2 (6th Cir. Jan. 30, 1995) (same).

Making matters worse, even if we somehow were permitted to consider Bowers' challenges to his conviction, the law-of-the-case doctrine would preclude our granting Bowers this relief. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (stating that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case");

- 5 -

*United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). "Determinations by a Court of Appeals," we have pointed out, "become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal." *Haynes*, 468 F.3d at 426.

To the extent, finally, that Bowers wishes to "preserve" his *Crawford* and *Bruton* arguments for a second crack at Supreme Court review, that is a matter for the Supreme Court, not our court, to consider. He is free to file a second certiorari petition if he so desires. *But see Haynes*, 468 F.3d at 426 ("After expressly stating that the remand was for further consideration in light of *Booker*, had the Supreme Court intended that the remand be in regard to any other issue, it would have so stated.").

### III.

For these reasons, we reinstate our prior decision in this case as to the conviction and affirm the judgment of conviction and sentence.