**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0535n.06
Filed: July 31, 2007

**No. 06-1503**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DENNIS KEITH MILES, | ) | EASTERN DISTRICT OF MICHIGAN |
| aka Bill Lay, aka Gobbs, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: BOGGS and ROGERS, Circuit Judges; and CALDWELL, District Judge.**[*]

**ROGERS, Circuit Judge**. Subsequent to a post-*Booker* remand, Dennis Miles appeals his sentence for conspiracy to manufacture and distribute marijuana. Miles's sole argument in this appeal is that the district court should have availed itself of Federal Rule of Criminal Procedure 31(c) to sentence Miles for a lesser included offense. Miles contends that such a sentence would be appropriate because the evidence at trial could establish only that Miles was responsible for the manufacture and distribution of less than 1,000 plants or 1,000 kilograms, contrary to the jury's verdict. Because the district court correctly held that Rule 31(c) does not authorize the sentencing court to modify the jury's verdict, Miles's sentence is affirmed.

_____

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In 2001, a jury convicted Dennis Miles of conspiracy to manufacture and distribute 1,000 or more marijuana plants or 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and § 841. The district court sentenced Miles to 121 months' imprisonment, one month more than the statutory minimum sentence required by 21 U.S.C. § 841(b)(1)(A).

After this court affirmed his conviction and sentence, *United States v. Robinson*, 116 F. App'x 646 (6th Cir. 2004), the Supreme Court granted Miles's petition for certiorari and remanded his case "for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005)," *Miles v. United States*, 544 U.S. 1059 (2005). This court then remanded Miles's case to the district court for re-sentencing. On remand, Miles argued that because the evidence at trial as to the amount of marijuana involved in the conspiracy could be construed as evidence of only 313.89 kilograms of marijuana, the court should use Rule 31(c) to "clarify and modify the conviction" to reflect the lower amount of marijuana supported by the evidence. The district court rejected Miles's argument and reimposed the sentence of 121 months.

The district court correctly held that Rule 31(c) does not authorize the court to sentence a defendant according to a lesser included offense contrary to the jury's verdict.[1] Rule 31 addresses

---

[1]Federal Rule of Criminal Procedure 31(c) provides:

**Rule 31. Jury Verdict**

(c) Lesser Offense or Attempt.

A defendant may be found guilty of any of the following:

(1) an offense necessarily included in the offense charged;

(2) an attempt to commit the offense charged; or

(3) an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right.

the process by which the jury may reach its verdict, and is silent as to the court's powers and obligations upon sentencing.  Miles conceded in the district court that there is no case law that indicates that Rule 31(c) could be used in the manner that he argues and his brief to this court does not refer to any authority to support his novel reading of the rule.  Because Miles's argument is inconsistent with both the text and purpose of Rule 31(c), it is without merit.

Furthermore, we note that insofar as Miles's argument may be construed as a challenge to the sufficiency of the evidence supporting his conviction, that claim is not properly before this court.  In remanding Miles's case, this court noted that the Supreme Court's remand of Miles's case left "undisturbed [Miles's] judgment of conviction."  Accordingly, this court remanded Miles's case to the district court "for re-sentencing in light of *Booker*."  "Remands for consideration in light of *Booker* are for the purpose of allowing the sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory." *United States v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006).  Because any challenge to Miles's conviction is beyond the scope of the remand in this case, we may not consider Miles's sufficiency of the evidence argument. *United States v. Bowers*, 220 F. App'x 402, 405 (6th Cir. 2007) ("Our cases make clear that we have no authority to review issues beyond the scope of a limited remand.").

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.