RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0411p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

KEEDA HAYNES,

　　　　　　　*Defendant-Appellant.*

No. 05-5889

>

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00034—Aleta A. Trauger, District Judge.

Argued: September 19, 2006

Decided and Filed: October 23, 2006[*]

Before: ROGERS and GRIFFIN, Circuit Judges; HOOD, Chief District Judge.[**]

---

**COUNSEL**

**ARGUED:** Peter J. Strianse, TUNE, ENTREKIN & WHITE, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Peter J. Strianse, TUNE, ENTREKIN & WHITE, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

　　　HOOD, Chief District Judge. This appeal arises from the resentencing of Defendant/Appellant Keeda Haynes ("the defendant"). The defendant argues her conviction should be overturned, or in the alternative, her sentence should be vacated and remanded for resentencing. For the reasons stated below, we **AFFIRM** both the defendant's conviction and resentencing.

---

[*] This decision was originally issued as an "unpublished decision" filed on October 23, 2006. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

This case has a protracted past, the procedural aspects of which are most pertinent to this appeal.  A thorough rendition of the facts was presented by this Court in *United States v. Haynes*, 98 F. App'x 499 (6th Cir. 2004) (*"Haynes I"*) and need not be restated in full here.  On December 6, 2001, a Superseding Indictment charged the defendant with, amongst other charges, Aiding and Abetting a Conspiracy to Distribute more than one hundred (100) kilograms of marijuana in violation of 18 U.S.C. § 2.  Following a six day trial which began on April 30, 2002, the district court gave the jury the Sixth Circuit Pattern Jury Instructions for aiding and abetting.  On May 7, 2002, a jury convicted the defendant of aiding and abetting a drug conspiracy to distribute marijuana.  The jury was also given the Drug Quantity instruction, to which it specifically found that the conspiracy the defendant aided involved more than one hundred (100) kilograms of marijuana.  The jury found the defendant not guilty of the other charges against her, including conspiracy to distribute marijuana.

On September 24, 2002, The district court sentenced the defendant to a term of eighty-four (84) months in prison with five (5) years of supervised release.  This was within the Federal Sentencing Guidelines range of seventy-eight (78) to ninety-seven (97) months imprisonment and four (4) to five (5) years of supervised release.  The defendant timely appealed, challenging her conviction and the sentence imposed by the district court.  On appeal, the defendant argued, *inter alia*, that the jury instructions and the jury verdict form were unconstitutional because they did not require the jury to make a specific finding as to how much marijuana involved in the conspiracy was reasonably foreseeable to the defendant specifically, as opposed to the drug conspiracy as a whole.  *Haynes I* at 506.  This Court affirmed the defendant's conviction and sentence on May 28, 2004, holding that the jury's offense-specific finding that one hundred (100) kilograms of marijuana were involved in the conspiracy was sufficient, and that a defendant-specific finding as to quantity was not required.  The defendant filed a petition for writ of certiorari in the United States Supreme Court which granted the writ, vacated the decision of this Court, and remanded the case to this Court for "further consideration in light of *United States v. Booker,* 543 United States [220 (2005)]." *Haynes v. United States*, 543 United States 1112 (2005).

On remand, this Court in turn vacated the defendant's sentence and remanded to the district court for resentencing. *United States v. Haynes*, 124 F. App'x 1002 (6th Cir. 2005).  The district court re-sentenced the defendant to the statutory minimum term of sixty (60) months imprisonment in a federal correctional facility, with four (4) years of supervised release.  The defendant appealed, once again claiming the district court erred by failing to instruct the jury to make a defendant-specific finding as to drug quantity and by failing to grant a safety valve reduction in her sentence.

# II.    ANALYSIS

## A.    Jury Instruction Argument Not Properly Before this Court

The defendant's argument regarding the propriety of the jury instructions and jury verdict form is not properly before this Court for two reasons: (1)  this Court's remand was limited to resentencing, not jury instructions which affect conviction; and (2)  this Court has previously heard and rejected this very argument.

### 1. Remand Limited to Resentencing

On remand, the district court is constrained by the scope of the mandate under which it is operating. *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).  The district court must "implement both the letter and the spirit of the mandate" and take into account "the circumstances it embraces." *Id.* at 599 (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)).

Interpretation of an appellate mandate is a legal issue which this Court reviews *de novo*. *Moore*, 131 F.3d at 598.

In remanding the case, this Court declared: "We vacate Haynes' sentence and remand to the district court for resentencing." *Haynes,* 124 F. App'x at 1002. The district court properly interpreted this Court's remand to be limited to resentencing. At the defendant's resentencing hearing, the district court expressly recognized the limitations on remand, stating: "I am bound by what the Sixth Circuit told me to do on remand, and the remand order could not be more clear that the sentence was vacated and the case was remanded to me for resentencing only." As the remand was limited to resentencing, the district court's decision not to address the defendant's argument regarding the jury instructions was proper.

While the defendant also argues that this Court erred in interpreting the remand from the United States Supreme Court, that directive could not have been clearer when it stated that the "case [is] remanded to the United States Court of Appeals for the Sixth Circuit for further consideration in light of *United States v. Booker*, 543 United States [220 (2005)]." *Haynes*, 543 United States 1112. In *Booker*, the Supreme Court held that the Federal Sentencing Guidelines are no longer mandatory on sentencing courts, only advisory. *Booker*, 543 United States at 245. Remands for consideration in light of *Booker* are for the purpose of allowing the sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).

In *Barnett,* this Court held that a defendant who was sentenced pre-*Booker* to a term of imprisonment in the middle of the sentencing guideline range was entitled to resentencing during which the district court would determine whether the sentence would have been different, had the district court known the Sentencing Guidelines were merely advisory. *Id.* at 525. In the instant case, on remand for resentencing the district court decreased the defendant's sentence from eighty-four (84) months imprisonment and five (5) years supervised release, a sentence in the middle of the guideline range, to imprisonment for sixty (60) months, the statutory minimum term, and four (4) years supervised release. The district court stated that this sentence was a reasonable post-*Booker* given the relevant facts of the case.

Given that *Booker* is concerned with sentencing and the factors that may be taken into consideration during sentencing, other jurisdictions have also declined to extend the scope of "remands in light of *Booker*" beyond the issue of sentencing. *See e.g. United States v. Loredo-Torres,* 2006 WL 197601, \*1 (5th Cir. January 27, 2006)(unpublished) (refusing to extend the scope of remand beyond resentencing when the Supreme Court specifically stated that the remand was for further consideration in light of *Booker*).

Remands "in light of Booker" are concerned with sentencing - the defendant's jury instruction argument goes to her conviction. Prior to remanding the case to this Court, the Supreme Court would have had before it this Court's earlier decision. After expressly stating that the remand was for further consideration in light of *Booker,* had the Supreme Court intended that the remand be in regard to any other issue, it would have so stated.

### 2. Law-of-the-Case Doctrine

In her first appeal to this Court, the defendant raised the same argument she does on her second appeal - that the district court erred by not instructing the jury to make a defendant-specific finding as to the amount of marijuana involved in the conspiracy. After considering the defendant's argument on her first appeal, a panel of this Court declared that an offense-specific finding as to drug quantity, such as the one made by the jury during the defendant's trial, is sufficient. *Haynes*

*I*, at 506.  Determinations by a Court of Appeals become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal.  *Moored*, 38 F.3d at 1421-22.  Under this law-of-the-case doctrine, a prior ruling may only be reconsidered where: "(1) substantially  different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."  *McKenzie v. BellSouth Telecommunications, Inc.,* 219 F.3d 508, 513 n.3 (6th Cir. 2000)(citing *Hanover Ins. Co. v. American Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)).  The defendant having failed to establish any of the criteria required for reconsideration, her argument as to the propriety of the jury instructions is precluded by the law-of-the-case doctrine.

## B.     Safety Valve Reduction

Title 18 U.S.C. § 3553(f) permits courts to impose sentences for certain drug-related offenses without regard to the statutory minimum sentence if five conditions are met.  This reduction in sentence is often referred to as a "safety valve" reduction.   As the safety valve determination is based on factual findings, this Court reviews only for clear error a district court's decision not to grant a safety valve reduction. *United States v. Adu,* 82 F.3d 119, 124 (6th Cir. 1996).  This standard of review was reinforced post-*Booker* in *United States v. Hazelwood,* 398 F.3d 792 (6th Cir. 2005), where the Court reiterated that it will review a district court's factual findings related to sentencing for clear error. *Id.* at 795.

There are five conditions that must be met before a defendant is eligible for a safety valve reduction. *See* 18 U.S.C. § 3553(f).  It is undisputed that the defendant satisfied the first four conditions.  The fifth prerequisite for this defendant to qualify for a safety valve reduction is that she must fully disclose to the Government all information she has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."   18 U.S.C. § 3553(f)(5).  At the resentencing hearing, the district court found the defendant did not fully disclose to the Government all knowledge and information she had regarding the drug conspiracy, thereby failing the fifth prong of the safety valve.  The district court cited several instances where the proof showed that the defendant did not fully disclose information to the Government.  A defendant bears the burden of proving by a preponderance of the evidence that he or she  is entitled to a safety valve reduction. *Adu*, 82 F.3d at 123-24; *United States v. Rucker*, 133 F. App'x 187, 194-95 (6th Cir. 2005)(holding that "the defendant bears the burden of showing eligibility for the safety valve by a preponderance of the evidence")(citing *United States v. Salgado*, 250 F.3d 438, 459 (6th Cir. 2001)).  The defendant contends that the four-page statement she provided to the Government regarding the drug conspiracy is evidence of her full disclosure, however, the district court found she did not prove by a preponderance of the evidence that she disclosed to the Government all information regarding the drug conspiracy.  The sheer length of the statement is of no consequence if the defendant possessed additional information that she did not disclose to the Government, which was the finding of the district court.  Because there was substantial factual evidence on the record to support the district court's decision not to grant a safety valve reduction, there was no clear error.

The defendant's argument that *United States v. Sherpa*, 110 F.3d 656 (9th Cir. 1996), authorizes a court to give credence to a defendant's claim of innocence and grant a safety valve reduction even after a jury finds her guilty of the crime, fails to account for the significantly disparate facts of *Sherpa* and the instant case.  In *Sherpa*, the district court, believing that, despite the jury's guilty verdict, defendant Sherpa was unaware of the heroin he transported, and that he provided the Government with all of the information he possessed, granted the defendant a safety valve reduction after he was convicted of transporting heroin into the United States from Thailand. *Id.*  Unlike the defendant in *Sherpa*, the instant defendant was not a "culturally sheltered" farmer from Nepal who agreed to carry one suitcase into the United States. *Id.* at 659.  The defendant is a United States citizen who took several criminal justice classes in college.  The record also indicates the defendant received or was involved in the receipt of fifty-nine (59) packages which

contained over nine hundred ninety-four (994) pounds, over four hundred (400) kilograms, of marijuana. Additionally, the defendant continued to accept packages even after discovering that some of them contained marijuana, and she served as bailor for others involved in the drug trafficking when they were arrested. Despite the defendant's argument to the contrary, the unique facts of *Sherpa* do not mandate a safety valve reduction in this case.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the defendant's conviction and resentencing.