File Name: 07a0351n.06
Filed: May 18, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-5378

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIAM E. CLARK,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

                                            /

**OPINION**

Before:      MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge.  Defendant William Earl Clark challenges his conviction and sentence, arguing that the government's indictment did not give him fair notice of the charges, that the district court's consideration of his past convictions to enhance his Sentencing Guidelines range violated the Sixth Amendment, and that the sentence imposed at his resentencing was unreasonable.  For the following reasons, we **AFFIRM** Clark's conviction and sentence.

**I.**

    The facts of this case, as set forth by our prior opinion in this case, are as follows:

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

On April 10, 2001, Knoxville Police Department Officers Greg Womac, Terry Clowers, Felix Vess, and John Williams entered Apartment 266 of the Lonsdale Housing Development in Knoxville, Tennessee, to serve Clark with several outstanding warrants for his arrest. Upon entering the apartment's bedroom, Officer Clowers and Officer Womac observed Clark attempting to hide underneath a table next to the bed. Following the officers' instructions, Clark slid out from underneath the table and remained lying on the floor face down while Officer Womac hand-cuffed him. When Officer Womac attempted to assist Clark to his feet, a prescription bottle fell from Clark's waist area and rolled against the dresser. Recovering the bottle, Officer Womac observed what appeared to be approximately twenty rocks of crack cocaine inside. A lab test later confirmed that the prescription bottle contained 3.58 grams of cocaine base, also known as "crack" cocaine.

*United States v. Clark*, 112 F. App'x 481, 482 (6th Cir. 2004).

On December 19, 2001, a federal grand jury charged Clark with one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). *Id.* The indictment failed to specify the quantity of cocaine base in Clark's possession. On July 23, 2002, a jury returned a special verdict finding Clark guilty of possessing with intent to distribute 3.58 grams of cocaine base. *Id.* at 484. On October 16, 2002, Clark was sentenced to 210 months' imprisonment, to be followed by three years' supervised release. Joint App'x at 20-21.[1] Clark appealed his conviction, claiming that the indictment's failure to allege a quantity of cocaine base violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the seating of an all-white jury violated his due process rights under the Sixth and Fourteenth Amendments, and that the trial court erred by

---

[1]Clark's adjusted offense level was 22. Clark was considered a career offender under the Guidelines because he was found to have committed at least two crimes of violence since he was 18 years old, increasing his total offense level to 32. Clark's criminal history placed him in a criminal history category of VI, the highest possible. Based on his total offense level of 32 and his criminal history category of VI, Clark's advisory Guidelines range was 210 to 262 months' imprisonment. This range was capped at 240 months, the maximum sentence permitted under 21 U.S.C. § 841(b)(1)(C).

admitting evidence of his prior acts related to drug sales. *Clark*, 112 F. App'x at 482. This Court

rejected Clark's claims and affirmed the judgment of the district court.

After that appeal, the Supreme Court issued its decision in *United States v. Booker*, which

held that the Sentencing Guidelines were no longer mandatory. 543 U.S. 220, 245 (2005). Clark

then petitioned to the Court, which granted his petition, vacated our judgment, and remanded the

case for further consideration in light of its decision in *Booker*. *Clark v. United States*, 545 U.S.

1101 (2005). On October 1, 2005, we vacated Clark's sentence and remanded the case to the district

court for resentencing. Joint App'x at 25. Prior to resentencing, Clark filed a motion to dismiss the

indictment, alleging that because the indictment did not specify the amount of cocaine base in his

possession, it did not provide fair notice of the charges and thus violated his due process rights. *Id*.

at 26-29. The district court denied his motion, explaining:

> In the present case, the scope of the Sixth Circuit's remand . . . is clear. Only the
> defendant's *sentence* was vacated, not his *conviction*, and this Court's jurisdiction on
> remand is limited to resentencing the defendant in light of *Booker*, considering the
> United States Sentencing Guidelines as advisory rather than mandatory. The
> appellate court did not open the door any further than that, and the defendant's
> attempt to relitigate the matter must be rejected.

*Id*. at 36. The district court held a resentencing hearing on February 22, 2006, and imposed a

sentence identical to the one it had imposed before: 210 months' imprisonment to be followed by

three years' supervised release. *Id*.

Clark filed this timely appeal, and argues that the district court erred in determining that it

did not have the authority to address his challenge to the indictment and that the indictment failed

to provide fair notice of the charges against him. Clark also argues that the use of his prior

convictions to enhance the applicable Guidelines range violated his Sixth Amendment right to a jury trial, and that the sentence imposed by the district court was unreasonable.

## II.

Clark's appeal of the district court's denial of his motion to dismiss the indictment implicates the mandate rule, which provides that "[o]n remand, the district court is constrained by the scope of the mandate under which it is operating." *United States v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006) (citing *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997)). A district court is required to "implement both the letter and the spirit of the mandate and take into account the circumstances it embraces." *Id*. (citations and internal quotation marks omitted). We review a district court's interpretation of our mandate *de novo*. *Id*.

The language used in our remand order demonstrates that we were remanding the case to the district court for the limited purpose of resentencing in light of the Supreme Court's decision in *Booker* that the Sentencing Guidelines were no longer mandatory. *See id*. As such, the district court's decision to limit its task to resentencing, and not revisit Clark's argument regarding his indictment, was proper. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("[T]he mandate rule[] requires lower courts to adhere to the commands of a superior court.").[2]

More importantly, Clark's appeal raises an issue identical to one that had already been rejected by a prior panel of this Court. In that opinion, the panel held that *Apprendi* was not violated

---

[2]Clark tries to get around the limitation of our remand by arguing that his claim that the indictment did not provide fair notice of the charges addressed the district court's jurisdiction to convict and sentence Clark, and such jurisdictional issues can be addressed by the court at any time. His contention is wrong, as the Supreme Court has explained that "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

because his sentence "was based upon a jury's finding beyond a reasonable doubt that he was carrying 3.58 grams of crack cocaine." *Clark*, 112 F. App'x at 485. Because this Court has already decided this exact issue, it has become law-of-the-case and is binding upon the district court after remand and upon us in this appeal. *Haynes*, 468 F.3d at 426; *see also Moored*, 38 F.3d at 1421 ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."). Notwithstanding this doctrine, in limited instances, we may reconsider a prior panel's ruling. *Id*. This occurs only where "(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id*. (citations omitted). In this case, only the second and third categories are applicable.

First, no controlling decisions—that is, no decisions from this Court or the Supreme Court— have been issued subsequent to our decision in Clark's first appeal that have altered the legal landscape in such a way that our prior ruling is no longer good law. Clark also alleges, although without citing any controlling authority, that the indictment's failure to allege the specific quantity of cocaine base attributed to him would work a manifest injustice because it violated the Due Process Clause's fair notice clause. In particular, Clark argues that with respect to the amount of drugs and type of drugs, "the sentencing court usurped the function of the Grand Jury and the petit jury by interjecting his determination of guilt for that of the jury." Appellant's Br. at 12. We disagree. *Apprendi* held that any facts that increase a sentence beyond the statutory maximum must be submitted to a jury and found beyond a reasonable doubt. 530 U.S. at 490. Here, as the prior panel

has already decided, *Apprendi* was not violated because Clark was sentenced after the jury returned a special verdict which determined the quantity of cocaine base Clark was carrying at the time of his arrest. Further, his 210-month sentence does not exceed the twenty-year (240-month) maximum sentence permitted by the statute he was charged with violating. *See* 21 U.S.C. § 841(b)(1)(C). In light of these circumstances, we can say with absolute confidence that affirming Clark's conviction and sentence will not work a manifest injustice.

## III.

Clark next argues that the district court's consideration of his prior convictions, which qualified him as a career offender and enhanced his sentence, violated the Sixth Amendment. This argument cannot stand, as it is contrary to Supreme Court precedent. *See Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.)); *Almendarez-Torres v. United States*, 523 U.S. 221 (1998); *accord United States v. Barnett*, 498 F.3d 516, 524 (6th Cir. 2005). In support of his argument, Clark relies on Justice Thomas's concurrence in *Shepard v. United States*, 544 U.S. 13, 27 (2005), where he states, "*Almendarez-Torres*, like *Taylor* [*v. United States*, 495 U.S. 575 (1990)], has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided." While Justice Thomas's concurrence certainly casts doubt on the future validity of *Almendarez-Torres*, we must "leav[e] to the [Supreme] Court the prerogative of overruling its own decisions." *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006) (quoting *Tenet v. Doe*, 544 U.S. 1, 11 (2005)) (internal quotation marks omitted). Therefore,

we hold that the district court did not err in considering Clark's prior convictions in order to enhance his advisory Guidelines range.

**IV.**

Finally, Clark argues that the 210-month sentence imposed at resentencing was unreasonable. He takes no issue with his initial sentencing, but argues that "[u]pon resentencing . . . the district court was permitted to consider factors [it] was not permitted to before, such as [Clark's] lack of bad institutional record, his maturity, his completion of the GED program, and the strong family support he still maintained." Appellant's Br. at 17. Clark notes the supportive testimony given by his reverend on his behalf, who claimed that, if given another chance, Clark could make a contribution to society. Notably, Clark does not actually allege that the district court erred by not considering the § 3553(a) factors. He merely argues—without citing any authority—that given his progress since he was incarcerated, and his reverend's testimony, a 210-month sentence was unreasonable.

Following *Booker*, a sentence imposed by the district court under the now-advisory Guidelines is reviewed for reasonableness. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). We review sentences for procedural and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). "A sentence is procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)) (internal quotation marks omitted). "A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the

sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *Webb*, 403 F.3d at 385).

We find that Clark's sentence was both procedurally and substantively reasonable. First, the district court judge correctly calculated the applicable Guidelines range. Further, although he was not required to "engage in a ritualistic incantation of the § 3553(a) factors," in this case, *id.* at 809, the district judge did in fact list each of the factors. The district judge then commented that although the amount of cocaine base found on Clark was relatively small when compared to other criminal defendants, Clark had an extensive criminal history. Because Clark's criminal history was so significant, the district judge gave more weight to the § 3553(a) factors that relate to the seriousness of the offense, deterrence, and protecting the public.

Further, it should be noted that in light of our limited remand after the Sentencing Guidelines became advisory, the district court was not obligated to consider post-incarceration mitigation factors. *United States v. Worley*, 453 F.3d 706, 707 (6th Cir. 2006). Nevertheless, the district court gave Clark, Clark's counsel, and Clark's reverend the opportunity to comment on Clark's progress since his initial sentencing. Further, he asked Clark whether he had completed his GED. Thus, although not required to do so, it appears that the district court considered the mitigation evidence offered by Clark under § 3553(a)(1) (providing that the district judge should consider "the history and characteristics of the defendant").

Given that the district judge considered the § 3553(a) factors and weighed them appropriately, we find that Clark's 210-month sentence—which is at the lowest end of his advisory

Guidelines range—was procedurally and substantively reasonable. *See Collington*, 461 F.3d at 810-

11.

**V.**

For the reasons above, we **AFFIRM** Clark's conviction and sentence.