**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0760n.06

No. 10-1850

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 09, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )        ON APPEAL FROM THE UNITED
v.                                           )        STATES DISTRICT COURT FOR
                                             )        THE WESTERN DISTRICT OF
MARIO DAVID ALFARO-FLORES,                   )        MICHIGAN
                                             )
        Defendant-Appellant.                 )


Before: MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

MARTIN, BOYCE F., JR., Circuit Judge. Mario David Alfaro-Flores appeals his seventy-eight-month sentence for possession with intent to distribute cocaine. For the reasons that follow, we affirm Alfaro-Flores's sentence.

Alfaro-Flores entered a guilty plea to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Alfaro-Flores's presentence report set forth a base offense level of 28, which was reduced by two levels for acceptance of responsibility pursuant to USSG § 3E1.1(a). Alfaro-Flores's total offense level of 26 and criminal history category of I established an advisory guidelines range of sixty-three to seventy-eight months of imprisonment. Alfaro-Flores filed a motion for a downward variance and a sentencing memorandum requesting that the district court reduce his total offense level by one additional level for the relative timeliness of his guilty plea and two additional levels under the safety-valve provisions of 18 U.S.C. § 3553(f) and

_____

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

USSG § 5C1.2(a). At sentencing, the district court rejected Alfaro-Flores's arguments in support of a downward variance and, after considering the sentencing factors under 18 U.S.C. § 3553(a), sentenced him to seventy-eight months of imprisonment.

This timely appeal followed. Alfaro-Flores asserts that the district court erred in denying him credit under the safety-valve provisions and that the district court failed to address his requests for safety-valve credit and for a downward variance. Alfaro-Flores's arguments challenge the procedural reasonableness of his sentence. A sentence is procedurally unreasonable if the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We review the district court's decision to deny safety-valve relief for clear error. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). The district court clearly errs when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (internal quotation marks omitted). "A defendant bears the burden of proving by a preponderance of the evidence that he or she is entitled to a safety valve reduction." *Haynes*, 468 F.3d at 427.

Here, the parties agreed that Alfaro-Flores satisfied all but the fifth condition for application of the safety-valve provisions: i.e., whether he had "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5). At sentencing, Alfaro-Flores declined to present any testimony as to his eligibility for safety-valve relief and instead "let the record speak for itself," asserting that "[t]he facts are pretty well laid out

in the presentence report and our memorandum" and conceding that "[t]he government's recitation of facts is correct." Alfaro-Flores told the probation officer and other law enforcement agents that he engaged in the instant offense only to protect himself and his family from harm. According to Alfaro-Flores, he owed a debt to certain individuals after the seizure of two kilograms of cocaine that he was transporting for them, and these individuals threatened him and his family if he did not transport the three kilograms of cocaine involved in the instant offense. Alfaro-Flores asserts that he was consistent in his account of the offense. However his account was internally inconsistent and inconsistent with other evidence that established he had engaged in trafficking of large quantities of cocaine. Based on the record, the district court did not clearly err in denying safety-valve relief on the basis that Alfaro-Flores had not truthfully provided all information and evidence regarding his offense.

Because defense counsel declined to raise any objections to the sentence when afforded the opportunity to do so by the district court at the conclusion of the sentencing hearing, Alfaro-Flores's arguments regarding the district court's alleged failure to address his requests for safety-valve credit and for a downward variance are reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Alfaro-Flores must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and brackets omitted).

In support of his request for a two-level reduction in his total offense level under the safety-valve provisions, Alfaro-Flores asserted that he was honest in his account of the offense. The district

court questioned Alfaro-Flores about his account, noting that Alfaro-Flores claimed to be "just an innocent victim" and reminding him that "[y]ou've got to keep your story straight here." After hearing the parties' arguments regarding safety-valve relief, the district court stated that "it's not applicable here for a number of reasons" and continued to question Alfaro-Flores about the offense. While the district court did not make a specific finding that Alfaro-Flores had not "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5), the district court expressly stated that "[t]he history and characteristics of Mr. Alfaro-Flores indicate an individual who's been dishonest . . . and who therefore for purposes of honesty and integrity should be given rather low grades." The district court could have been more explicit with respect to its denial of safety-valve relief, but given that "the record makes clear that the sentencing judge considered the evidence and arguments" in imposing a within-guidelines sentence, *Rita v. United States*, 551 U.S. 338, 359 (2007), there was no plain error. Contrary to Alfaro-Flores's assertion, "the fact that [he] qualified for a two-level acceptance of responsibility reduction under § 3E1.1 does not establish eligibility for a safety valve reduction under § 5C1.2." *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

Alfaro-Flores also requested a one-level reduction in his total offense level on the basis that his guilty plea was relatively timely. The government declined to move for an additional one-level reduction under USSG § 3E1.1(b) because Alfaro-Flores, who entered his guilty plea immediately after the final pretrial conference, failed to give timely notification of his intent to plead guilty, which required the government to prepare for trial. At sentencing, the district court heard Alfaro-Flores's argument that his total offense level should have been reduced by three rather than two levels for acceptance of responsibility and agreed with the government's position, stating, "that's the

government's call, that third point, and I think in fact it's a good call." The district court's explanation was brief, but it did not constitute plain error. *Cf. United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009) ("A less lengthy explanation will suffice for a within-Guidelines sentence when 'the record makes clear that the sentencing judge considered the [defendant's] evidence and arguments.'" (quoting *Rita*, 51 U.S. at 359)). Furthermore, there is no indication that the district court believed that it lacked the authority to vary from the guidelines based on a policy disagreement. *See United States v. Simmons*, 587 F.3d 348, 364 (6th Cir. 2009).

For the foregoing reasons, we affirm Alfaro-Flores's sentence.