<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0320n.06

No. 09-5532

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| CARLOS RAMIREZ-LARA, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GILMAN, GIBBONS, and STRANCH, Circuit Judges.

PER CURIAM. Carlos Ramirez-Lara, a federal prisoner, appeals through counsel the ten-year sentence imposed following his guilty plea to a charge of conspiring to possess more than five kilograms of cocaine with intent to distribute.

Ramirez-Lara and his co-defendant were arrested following a traffic stop in Tennessee. Officers located more than five kilograms of cocaine in the vehicle. The two men admitted that they were paid to transport the cocaine from Colorado to Georgia. Ramirez-Lara entered a guilty plea pursuant to a plea agreement. Two days before the sentencing hearing, his counsel moved for a continuance because there had been no opportunity for Ramirez-Lara to make a proffer of information to qualify him for sentencing under the safety-valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The next day, the district court denied the motion, and Ramirez-Lara was interviewed by an agent from the Drug Enforcement Agency (DEA). At the sentencing hearing, the district court informed Ramirez-Lara that the DEA agent reported that

Ramirez-Lara did not give a truthful proffer. The judge gave Ramirez-Lara a second opportunity to do so, but Ramirez-Lara stated that he knew nothing about the drug conspiracy and had merely caught a ride with his co-defendant from Colorado to Atlanta. In view of these statements, the district court found that the fifth requirement for sentencing under § 5C1.2 had not been met and sentenced Ramirez-Lara to the ten-year statutory mandatory minimum sentence.

Ramirez-Lara now claims that he should have been sentenced under the safety-valve provision because he told the DEA everything he knew. He argues that the district court failed to make a finding that he had not provided truthful information but relied instead on the DEA agent's conclusion.

A district court's decision that a defendant is not entitled to be sentenced below the mandatory minimum under the safety-valve provision is a factual finding that is reviewed for clear error. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a safety-valve reduction. *Id*. at 427. In this case, the dispute was over whether Ramirez-Lara provided truthful information about all relevant conduct underlying the offense. *See United States v. Salgado*, 250 F.3d 438, 459-60 (6th Cir. 2001).

The record does not support Ramirez-Lara's argument. He claims that the district court did not make a finding that he had supplied untruthful information, but instead relied only on the DEA agent's conclusion. In fact, the transcript shows that the district court gave Ramirez-Lara the opportunity to provide the information before sentencing, but Ramirez-Lara again claimed that he had simply caught a ride with his co-defendant and knew nothing about the conspiracy. The same judge had conducted the plea hearing, at which Ramirez-Lara admitted the factual

basis for his plea, including that he had knowingly agreed to possess with intent to distribute the cocaine found in the vehicle. Based on the discrepancy, the district court then clearly found that the criteria necessary to grant for the safety valve had not been met. Defendant attempts to persuade the court that it is not clear in what way his proffer was deficient, perhaps due to the telephonic interpretation used, although he gives no specific examples of any interpretation issues. He claims that, if his statement had actually contradicted his plea testimony, the reduction for acceptance of responsibility would also have been taken away. Perhaps the district court should have taken away that reduction, but the government has not raised that issue by way of a cross-appeal.

Because review of the record shows that the district court did not clearly err in finding that Ramirez-Lara did not provide complete truthful information about the relevant conduct underlying his offense, Ramirez-Lara was not eligible for safety-valve relief, and the district court's judgment is affirmed.