**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0840n.06

Case No. 14-3349

**FILED**
Nov 10, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ANTHONY T. CAMPBELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JEFF HINES, Environmental Administrator, | ) | OHIO |
| Ohio Environmental Protection Agency, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, SUTTON, and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. We have seen this movie before, and it does not end well for Anthony Campbell. Last year, we rejected Campbell's employment-discrimination suit as a matter of law. Undeterred, Campbell returned to the district court and moved for reconsideration of the just-affirmed judgment. The court, no surprise, denied the motion. Campbell now appeals the denial of that reconsideration motion, which the district court correctly, if too kindly, labeled "bizarre." R. 77 at 2. We affirm—for the second and, one hopes, last time.

A chemist at the Ohio Environmental Protection Agency, Campbell wrapped up a major project in 2006 and began work (at his request) as a part-time member of the Agency's emergency spill-response team. Campbell's job performance in this new position was below par.

His supervisors designed a written examination to test Campbell on the Agency's emergency-response training materials, hoping that the test and the necessary studying for it would improve his progress. It did not. As to the test, Campbell barely squeaked by on his second try. As to his work, it remained "below target" and "unsatisfactory." R. 69 at 5. Fed up, the Agency reassigned Campbell in 2009. He was not pleased. In December 2010, he sued the Agency in federal court under § 1983 and Title VII, proceeding pro se, claiming that his employer discriminated on the basis of race. *See* 42 U.S.C. §§ 1983, 2000e-2.

Of relevance here, Campbell submitted that the test had a disparate impact on African Americans. The district court disagreed and granted summary judgment to the defendants. Campbell could not demonstrate a disparate impact on African Americans as a class, the court reasoned, because he was the only African American—the only person—who had taken the test. We affirmed in an unpublished order, stating that

> Campbell was the only African American employed in the [emergency-response] unit, and therefore he cannot provide any statistical evidence that requiring him to pass the test had an adverse impact on a protected group.

*Campbell v. Hines*, No. 12-4329, 2013 WL 7899224, at *4 (6th Cir. Aug. 8, 2013). Campbell moved to rehear the case, which was denied. In the order denying rehearing, however, the panel amended its original order and replaced the above sentence with this one:

> Campbell has not provided sufficient statistical evidence to show that requiring him to pass the test had an adverse impact on a protected group.

*Campbell v. Hines*, No. 12-4329 (6th Cir. Nov. 5, 2013). The mandate issued in November 2013.

At some point after that, Campbell retained counsel. In late January 2014, he moved the district court under Federal Rule of Civil Procedure 59(e) to reconsider its judgment—the one just affirmed on appeal. Why? Because, said Campbell, we sotto voce *reversed* the district

2

court's judgment when we replaced the one sentence in the opinion with the other. The district court responded in a thoughtful four-page order. In the first place, the district court held, any motion under Rule 59(e) was untimely. In the second place, it continued, even if the motion were construed as a Rule 60 motion, Campbell presented no valid grounds to vacate the judgment. Campbell appealed. In the interim, Campbell had unsuccessfully petitioned the Supreme Court for a writ of certiorari from our initial affirmance. *See Campbell v. Hines*, 134 S. Ct. 2707 (2014).

The district court got it right. Campbell's January 2014 Rule 59(e) motion was inexcusably late. He had twenty-eight days to file the motion after the judgment was docketed in October 2012. *See* Fed. R. Civ. P. 58(c), 59(e). January 2014 was more than a year late. The motion fares no better under Rule 60. We will not reconsider a prior ruling in the same case through a second appeal except "(1) [where] substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (citation omitted). Nothing of the sort happened.

Nor at any rate could Campbell reasonably read our one-sentence amendment to the opinion as converting our affirmance into a reversal. "Appellate courts review judgments, not statements in an opinion." *ASARCO, Inc. v. Sec'y of Labor*, 206 F.3d 720, 722 (6th Cir. 2000). Modifying the reasoning in an opinion does not alter a judgment. And that is all that happened. "We affirm the district court's judgment," the relevant docket entry says. R. 73. And Campbell's certiorari petition concedes that "the Circuit Court affirmed the district Court" and that "[r]ehearing was denied." Petition for a Writ of Certiorari at 10, *Campbell*, 134 S. Ct. 2707

(No. 13-1218), 2014 WL 1389013. The district court's order denying Campbell's "reconsideration" motion made things clearer still. "[T]he Sixth Circuit did not reverse itself . . . . The mandate clearly affirms this Court's Summary Judgment Order." R. 77 at 2. Campbell had his day in court and on appeal, and that is all he is entitled to.

As a layman, Campbell perhaps may be forgiven for filing an appeal that borders on the frivolous. It is more difficult to say the same for his lawyer. Even the resolution of non-meritorious cases takes time. And time is not a limitless good: Each minute devoted to Campbell's case is a minute stolen from the hundreds of thousands of people who filed cases that warrant our attention. Other costs exist. The defendant here is the Ohio state government, whose wasted time becomes the taxpayers' wasted money. All of this explains why members of the federal bar have a duty to conduct themselves "uprightly," Fed. R. App. P. 46(a)(2), and to "not bring or defend a proceeding . . . unless there is a basis in law and fact for doing so," Model Rules of Prof'l Conduct R. 3.1; *see also* Fed. R. Civ. P. 11(b). Campbell's counsel, Leo P. Ross, may wish to consider the point before he files another appeal in this or any other case that treads so dangerously close to the line.

We affirm.