NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0056n.06
No. 18-5151

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 31, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| THOMAS ARTHUR SNYDER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     **BATCHELDER, SUTTON, and DONALD, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge**.    Thomas Snyder pleaded guilty to conspiring to distribute and possess with the intent to distribute a significant amount of methamphetamine.  Snyder appeals his sentence of just under ten years of imprisonment.  He argues that he should have qualified for a sentence reduction under the "safety valve" provision of 18 U.S.C. § 3553(f), which limits the application of the mandatory minimum sentence in cases where a defendant shows that he satisfies five criteria.  § 3553(f)(1)-(5).  Only one of those criteria is relevant for this appeal—whether Snyder "truthfully provided to the Government all information and evidence [he] has" regarding his criminal conduct.  § 3553(f)(5).

Snyder was given an opportunity to do just that prior to sentencing, but he was persistently dishonest.  When the government objected to the application of the safety valve, however, Snyder asked for another opportunity to meet with prosecutors and satisfy § 3553(f)(5).  Snyder sent prosecutors a hand-written letter explaining that he was prepared to be truthful, with some

information about his offense attached. The judge refused to require that the government give Snyder that second chance, and the government did not oblige him.

Snyder argues that he was willing to fulfill the requirements of § 3553(f)(5), but was not provided an opportunity to correct his mistake. Snyder maintains that the district court clearly erred by failing to require the government to hear him out, and by sentencing him to the mandatory minimum for the offense. We disagree. The district court did not clearly err in either regard. We **AFFIRM**.

## I.

Snyder entered into a plea agreement in October 2017 in which he pleaded guilty to conspiring to distribute and possess with the intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). Snyder's presentence report noted that he "appear[ed] to meet the criteria [for the statutory safety valve] in 18 U.S.C. § 3553(f)(1)-(5)," such that the district court could sentence him under the advisory guidelines range of 57-71 months of imprisonment rather than the ten-year statutory mandatory minimum.

Snyder's sentencing hearing was set for January 22, 2018. That morning, Snyder and his attorney met with the government to conduct the debriefing that would determine if he qualified for the safety-valve sentence reduction. Snyder knew prior to that meeting that he was obligated to provide the government complete and truthful information if he wanted to qualify for the reduction.

By his own admission, Snyder was not truthful in that meeting. Contrary to what he stipulated to in his plea agreement, Snyder maintained in the debriefing that he had only sold methamphetamine once and that the amount involved far fewer than 50 grams.

The district court reluctantly rescheduled Snyder's sentencing hearing for the following week to give Snyder time to attempt to persuade the government to provide him "another opportunity." The court made clear that it was "certainly not ordering the government to listen to" Snyder.

Two days after the failed safety-valve debriefing, Snyder sent a hand-written letter to the government admitting that he had not been truthful and requesting another safety-valve debriefing with the promise that this time he would be truthful. The letter had an attachment that he claimed identified the individuals from whom Snyder had received methamphetamine and those to whom he had sold it. The government acknowledged receipt of the letter, but declined to debrief Snyder again.

On January 29, 2018, at Snyder's rescheduled sentencing hearing, Snyder admitted that he had lied at his January 22 debriefing, but argued that his letter of January 24 and his willingness to cooperate meant that he should qualify for the safety-valve provision in his sentencing. The letter that Snyder provided to prosecutors was itself incomplete, a fact that Snyder conceded. For instance, the letter included no reference to the quantities involved in the drug transactions it referenced, and provided no dates or times of those transactions. From the outset of his safety valve debriefing, Snyder was on notice that he had to provide complete information, and that, in particular, information about quantities was critical to his debriefing. In light of the incompleteness of the letter, the district court found that Snyder failed to carry his burden in establishing that he was eligible for the safety valve provision. The district court sentenced him to the mandatory minimum sentence of ten years of imprisonment, with a reduction of three months and 15 days to reflect time served, pursuant to U.S.S.G. § 5K2.23. Snyder appealed.

**II.**

We review for clear error a district court's determination regarding whether a defendant qualifies for a safety valve in sentencing under § 3553(f). *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). We will find that the district court clearly erred in deciding not to apply § 3553(f) if, after reviewing all the evidence "in the light most likely to support the district court's decision," we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999) (quotation omitted). Before the district court, Snyder bore the burden of showing by a preponderance of the evidence that he satisfied the five requirements for the safety valve. *Haynes*, 468 F.3d at 427.

The uncontested facts in this case show that the information Snyder provided the government prior to his sentencing was neither truthful nor complete. On this record, we find no clear error in the district court's decision that Snyder did not qualify for the safety valve. Snyder's arguments to the contrary do not persuade us otherwise.

Snyder argues that he *would have* provided truthful and complete information if the government had provided him an opportunity for a second safety-valve debriefing. According to Snyder, the district court's finding that he had failed to meet § 3553(f)(5), when in fact he was precluded from doing so by the government's refusal to debrief him, runs afoul of *United States v. Brack*, 188 F.3d 748 (7th Cir. 1999).

The *Brack* court reversed the decision of a district court not to apply the safety valve. *Id*. at 762-63. The district court in *Brack* concluded that the defendant did not qualify for the safety valve—without finding that the defendant was being untruthful—because the defendant had not provided "the outpouring of information and evidence that . . . is required under the safety valve." *Id*. at 762. But, unlike here, the government in that case had refused to meet with the defendant to

provide an opportunity for *any* debriefing. Moreover, the *Brack* court emphasized that "the government [is] not required to give [a defendant] a second chance to tell the truth," which is precisely what Snyder asks for here. *Id*. at 763.

Snyder was given an opportunity to provide true and complete information about his offenses, and the government, the district court, and Snyder's counsel all thought he would take advantage of that opportunity. Snyder did not do so, at the price of additional years of imprisonment. Snyder has no one to blame but himself for his failure to qualify for the relief he now seeks.

### III.

We **AFFIRM** the judgment of the district court.