*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 12a0390p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 11-3973

*v.*

LAVELLE PARKS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:03-cr-213-1—James L. Graham, District Judge.

Argued: October 3, 2012

Decided and Filed: November 28, 2012

Before: GUY, SILER and COOK, Circuit Judges.

———————————————

## COUNSEL

———————————————

**ARGUED:** Richard A. Cline, RICHARD CLINE & CO., LLC, Columbus, Ohio, for
Appellant. Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE,
Cincinnati, Ohio, for Appellee. **ON BRIEF:** Richard A. Cline, RICHARD CLINE &
CO., LLC, Columbus, Ohio, for Appellant. Benjamin C. Glassman, UNITED STATES
ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

———————————————

## OPINION

———————————————

SILER, Circuit Judge. Defendant Lavelle Parks appeals his sentence for armed
bank robbery resulting in death, in violation of 18 U.S.C. § 2113(e). A prior panel of
this court affirmed Parks's conviction but remanded the case to the district court to
determine the correct mandatory minimum sentence under the statute. Upon remand,
the district court held that under the language of the statute, if death results to any person
as a consequence of the offense, the penalty is a mandatory life sentence. The district

1

court also denied Parks's motion to withdraw his guilty plea and reinstated the 372-month sentence in accordance with Parks's plea agreement. Parks appeals the district court's determination of the mandatory minimum sentence and denial of his motion to withdraw his plea. For the reasons stated below, we **AFFIRM** the district court's judgment.

I.

In 2003, in the getaway from an armed bank robbery, Parks crashed his car while fleeing police and killed his passenger, one of his co-conspirators. Parks pled guilty to bank robbery resulting in the killing of another in violation of 18 U.S.C. § 2113(e). Under Fed. R. Crim. P. 11(c)(1)(C), Parks agreed to a sentence of 372 months in prison but reserved his right to appeal whether a § 2113(e) violation requires *mens rea*. Parks waived his right to appeal on other issues. We affirmed Parks's conviction but remanded to the district court to decide the correct mandatory minimum penalty under § 2113(e). *United States v. Parks*, 583 F.3d 923 (6th Cir. 2009). On remand, the district court held that Congress, in amending § 2113(e) when it enacted the Federal Death Penalty Act of 1994 (FDPA), intended to increase the mandatory minimum sentence from 10 years to life imprisonment or death in all § 2113(e) cases where death results. The district court also concluded that it was bound by Parks's prior plea agreement, reasoning that Parks did not prevail on the sole issue reserved for appeal and had waived his right to appeal other issues.

Prior to re-sentencing, Parks moved the district court to withdraw his guilty plea and to declare § 2113(e) unconstitutional. Parks argued that the district court erred in its conclusion that § 2113(e) required a mandatory sentence of life in prison and that, because of this error, Parks was misinformed at the time he entered into the plea agreement. The district court found Parks's motion to be beyond the scope of the remand and that under this circuit's precedent, life imprisonment would not rise to the level of cruel and unusual punishment. The district court re-sentenced Parks to 372 months of imprisonment.

II.

"Interpretation of an appellate mandate is a legal issue which we review de novo." *United States v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006).  A panel of this court directed the district court to determine the mandatory minimum sentence required by § 2113(e), and the district court was constrained by the scope of the mandate on remand. *United States v. Moore*, 131 F.3d 595, 598-99 (6th Cir. 1997).  With respect to the scienter requirement, our directive was clear.  Section 2113(e) includes no scienter element, and "Parks's conviction is affirmed." *Parks*, 583 F.3d at 928, 930; *see United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (panel may not overrule the prior published decision of another).  Parks satisfies none of the criteria by which we may reconsider a prior ruling. *See McKenzie v. Bell South Telecomm., Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000).  Therefore, we review whether the district court correctly determined that the required sentence is life imprisonment.

A.

Section 2113(e) reads:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned for not less than ten years, or if death results shall be punished by death or life imprisonment.

18 U.S.C. § 2113(e).  Because subsection (e) may be interpreted in different ways, *see Parks*, 583 F.3d at 927-29, we consider the statute's plain meaning, structure, and legislative history in determining Congress's intent with respect to the mandatory minimum sentence. *See United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001).

Upon initial passage of the bank robbery statute in 1934, the penalty language in subsection (e) clearly stated that if a person killed another person while avoiding or attempting to avoid apprehension for the commission of a bank robbery, the mandatory minimum sentence was ten years.  The penalty read: ". . . shall be imprisoned not less

than ten years, or punished by death if the verdict of the jury shall so direct." In *Furman v. Georgia*, 408 U.S. 238 (1972), the Supreme Court found the jury's discretion to impose the death penalty unconstitutional. However, Congress reinstated the death penalty in 1994 by passing the FDPA, and in its amendment to subsection (e), Congress substituted "or punished by death if the verdict of the jury shall so direct" with "or if death results shall be punished by death or life imprisonment." Violent Crime Control Law Enforcement Act of 1994, H.R. 3355, 103d Cong., § 60003 (1994). In enacting the FDPA, Congress increased the number of death-eligible offenses *in toto*. The House Report lists the offenses for which the FDPA authorizes the death penalty; the list includes offenses that contain an element of forced accompaniment and those that do not. *Compare*, *e.g.*, "Kidnapping where death results, 18 U.S.C. § 1201(a)," "Hostage taking resulting in death, 18 U.S.C. § 1203(a)," and "Carjacking resulting in death, 18 U.S.C. § 2119(3)," *with*, *e.g.*, "Wrecking trains where death results, 18 U.S.C. § 1992," "Drive-by shooting resulting in death, 18 U.S.C. § 922," and "Interference with religion where death results, 18 U.S.C. § 247." Parks's attempted distinction – that Congress intended to increase the mandatory minimum sentence to life imprisonment only for those bank robberies in which death results during a kidnapping – lacks merit.

B.

In structuring the bank robbery statute, Congress began with the most basic bank robberies, *see* § 2113(a), (b), and (c), before listing the more serious forms, *see* § 2113(d) and (e). As the seriousness of the statute's offenses increase, so does the severity of the punishment. Under § 2113(d), a sentence must not be greater than 25 years for whoever commits or attempts to commit a bank robbery and "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). But if death results under § 2113(e), the penalty must be death, or life in prison. Section 2113(e) convictions without a resulting death are less severe than convictions with one, but more severe than § 2113(d) convictions. A § 2113(d) conviction meriting the full 25 year sentence, for instance, when combined with forced accompaniment under § 2113(e), justifies a higher sentence. Consequently,

the statute grants discretion to sentence those defendants to longer terms than those guilty only of the elements in § 2113(d).

The statute's legislative history and structure support an interpretation of the § 2113(e) language to mean: if a person kills someone or if death results while that person: (1) commits a bank robbery; (2) avoids or attempts to avoid apprehension for the commission of a bank robbery; (3) frees or attempts to free himself from arrest or confinement for bank robbery; or (4) forces another to accompany him without consent while engaged in (1), (2), or (3), he faces death or life imprisonment. If death does not result, the minimum penalty is ten years; no maximum is set. *See also United States v. Bolden*, 545 F.3d 609 (8th Cir. 2008) (affirming imposition of death penalty on defendant who killed security guard during attempted bank robbery); *United States v. Douglas*, 525 F.3d 225, 234 (2d Cir. 2008) (noting that "18 U.S.C. § 2113(e) provides that any person who kills another in the course of violating § 2113(e) shall be punished by death or life imprisonment"). Because the statute is clear after considering its legislative history and structure, the rule of lenity is inapplicable. *United States v. Hill*, 55 F.3d 1197, 1206 (6th Cir. 1995).

III.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). Whether a defendant has waived the right to appeal his sentence pursuant to a valid plea agreement is reviewed de novo. *See United States v. Thomas*, 605 F.3d 300, 312 (2010). Parks was properly advised of the mandatory minimum sentence for the offense to which he pled no contest. The district court asked Parks at his plea hearing if he agreed with the terms of the Rule 11 plea agreement as recited by the Assistant United States Attorney, to which Parks answered in the affirmative. The court informed Parks that if found guilty, the offense charged "requires a sentence of life imprisonment," and asked "Do you understand that?" Parks answered "Yes, sir." The court asked Parks's counsel if he was satisfied that Parks "fully understand[s] the charges . . . and consequences of a plea of guilty to Count 3?" Counsel answered, "Yes." After the court ensured that

Parks was pleading guilty freely and voluntarily, and that there was a factual basis for the guilty plea, it accepted his plea. The district court then sentenced Parks to 372 months in prison. As evidenced by the sentencing transcript, Parks did not enter the plea with an "unsure heart and confused mind." *United States v. Haygood*, 549 F.3d 1049, 1053 (6th Cir. 2008) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). In its order denying Parks's motion to withdraw his guilty plea, the district court properly considered the *Haygood* factors*, see id*., and correctly denied his motion. Further, the mandatory minimum sentence is not unconstitutional. The Supreme Court has upheld life sentences in crimes where death did not result. *See Harmelin v. Michigan*, 501 U.S. 957 (1991) (statutory mandatory life term for cocaine possession by someone with no prior felony convictions is constitutional); *United States v. Beverly*, 369 F.3d 516, 536-37 (6th Cir. 2004) (858-month sentence not cruel and unusual punishment for getaway driver in four bank robberies, where no one was killed). Moreover, Parks's sentence is not life imprisonment, but 31 years.

The district court correctly applied this court's mandate and found that the statute requires a mandatory minimum sentence of life, even though Parks arranged for a plea agreement of less than life. For the reasons stated, we **AFFIRM** the decision of the district court.