NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0002n.06

Case No. 12-5916

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 06, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| *v.* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BRUCE ALLEN BACKUS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; and BELL, District Judge.[*]

ALICE M. BATCHELDER, Chief Judge. In December 2011, Bruce Backus was indicted in the district court for violating 18 U.S.C. § 2250(a) by failing to properly update his sex-offender registration pursuant to the Sex Offender Registration and Notification Act (SORNA). Although Backus initially pled guilty to the charge, he moved to withdraw that plea prior to his sentencing. He claimed that he was not guilty because he was a Tier I sex offender, rather than a Tier II sex offender, and his 15-year registration period as a Tier I sex offender had expired at the time of his failure to update his registration. Finding that Backus is a Tier II sex offender, the district court denied his motion and sentenced him to 27 months in prison. Because we agree that Backus is a Tier II sex offender, we AFFIRM the district court's judgment.

_____

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

**I.**

On May 1, 1994, Backus – then 20 years old – engaged in sexual intercourse with a child under the age of 16. Before a Florida court in 1995, Backus entered a plea of *nolo contendere* for violating Florida Statute § 800.04(3) (1994), which prohibited committing "an act defined as sexual battery under s. 794.011(h) upon any child under the age of 16 years."[1] The Florida court withheld adjudication of guilt and sentencing, and instead, placed Backus on probation. On August 30, 2002, the Florida court revoked Backus' probation and sentenced him to 70 months in prison. The judgment described Backus' offense using language very similar to that which described the crime prohibited by § 800.04(4) (1994): "[L]ewd or lascivious act in the presence of a child under the age of 16 years." However, the judgment listed "§ 794.011(1)(h)" – the statute cross-referenced in § 800.04(3) (1994) – as the violated statute. On the day of Backus' release from prison in 2005, the Florida court entered an amended judgment to reflect that the violated statute was indeed § 800.04(3) (1994).

Based on his violation of § 800.04(3) (1994), Backus was considered a sex offender under Florida law, and was required to register as such pursuant to SORNA. *See* 42 U.S.C. § 16913. At various times after his release from prison, Backus lived in both Florida and Tennessee, frequently traveling between those states. Backus last updated his sex-offender registration in Florida on June 14, 2011. In July 2011 he moved to Tennessee but did not notify authorities in Florida or Tennessee of his move, even though such notification was required by SORNA.

---

[1]The 1994 version of Florida Statute § 794.011(h) defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Fla. Stat. § 794.011(h) (1994).

In December 2011, Backus was indicted in the district court for knowingly failing to update his registration as required by SORNA in violation of 18 U.S.C. § 2250(a). Although Backus originally pled guilty to violating 18 U.S.C. § 2250(a), he moved to withdraw his guilty plea five months later, claiming that he was actually innocent. The district court denied the motion and sentenced Backus to 27 months in prison in accordance with his advisory guidelines range as a Tier II sex offender. Backus appeals his sentence and the denial of his motion.

**II.**

We generally review for abuse of discretion a district court's sentence and a district court's denial of a motion to withdraw a guilty plea. *See Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *United States v. Parks*, 700 F.3d 775, 779 (6th Cir. 2012). But here, the district court's proper or improper use of its discretion turns on a question of statutory interpretation – whether Backus is a Tier II sex offender as defined in 42 U.S.C. § 16911(3) – and we review this question *de novo*. *See United States v. Lumbard*, 706 F.3d 716, 720 (6th Cir. 2013) ("A matter requiring statutory interpretation is a question of law requiring de novo review." (internal quotation marks omitted)).

SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, or where the offender is a student." 42 U.S.C. § 16913(a). A Tier II sex offender is subject to a 25-year registration period, which begins after the offender is convicted, but excludes any time the sex offender is in custody. 42 U.S.C. § 16915(a). A Tier I sex offender, on the other hand, is subject only to a 15-year registration period. *Id.*

A Tier II sex offender is an individual whose offense "is comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of Title 18)." 42 U.S.C. § 16911(3)(A)(iv). Section 2244 of Title 18 defines abusive sexual contact as "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if to do so would violate . . . subsection (a) of 2243 of this title had the sexual contact been a sexual act." 18 U.S.C. § 2244. Section 2243(a) of the same title prohibits "knowingly engag[ing] in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). Thus, if an individual violates a statute by committing an offense that is comparable to or more severe than that described in Section 2243(a), that individual is a Tier II sex offender.

The Florida court convicted Backus of violating Florida Statute § 800.04(3) (1994), which prohibited committing "an act defined as sexual battery under s. 794.011(h) upon any child under the age of 16 years." Although Backus argues that he was actually convicted of violating only § 800.04(4) (1994),[2] based on the language used by the court, this argument is incorrect. The Florida judgment listed the violated statute as "§ 794.011(1)(h)," which is the statute cross-referenced in § 800.04(3) (1994); and on the day of Backus' release from prison in 2005, the Florida court entered an amended judgment to reflect that the violated statute was indeed § 800.04(3) (1994).[3] The 1994

_____

[2]Fla. Stat. § 800.04(4) (1994) prohibited a different act: "[L]ewd or lascivious act in the presence of a child under the age of 16 years."

[3]Although the Florida court used language in its judgment such as "lewd or lascivious act" to describe Backus' offense, this language does not necessarily describe Florida Statute § 800.04(4). Rather, the title of the entire statute (§ 800.04) describes all the offenses listed in that statute—including § 800.04(3)—as "Lewd, lascivious, or indecent assault or act upon or in presence of child." Fla. Stat. § 800.04 (1994). And the subsections of the statute describe different acts that fall under that title. Therefore, we find that the Florida court used language such as "lewd or lascivious act" in its

version of § 794.011(h) – the statute cross-referenced in § 800.04(3) (1994) – defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Similarly, 18 U.S.C. § 2246(2) defines "sexual act," as applied to Section 2243(a), as "contact between the penis and the vulva or the penis and the anus . . . ; the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object."

When read together with their definitions, Florida Statute § 800.04(3) (1994) and 18 U.S.C. § 2243(a) prohibit the same activity – penetration of the sexual organs of a child under the age of 16. The only notable difference between the two statutes is that § 800.04(3) (1994) was slightly more strict than 18 U.S.C. § 2243(a) because it did not require that the child be at least four years younger than the defendant. Because both statutes prohibit the same activity, the offense prohibited by § 800.04(3) (1994) "is comparable to" that prohibited by 18 U.S.C. § 2243(a). *See* 42 U.S.C. § 16911(3)(A)(iv). And given that Backus was convicted of committing the offense prohibited by § 800.04(3) (1994), Backus is a Tier II sex offender, and is subject to a 25-year registration period. *See* 42 U.S.C. § 16915(a). The Florida court originally convicted Backus in 1995, sentenced him to prison in 2002, and released him from prison in 2005. Backus contends that his 25-year registration period began in 1995, not in 2005 as the trial court held in its order denying Backus' motion to withdraw his guilty plea. We need not resolve this question because, in any event, the

judgment to describe the title of the entire statute, not to describe § 800.04(4), and that it correctly listed the specific subsection of the act that Backus violated – Florida Statute § 800.04(3). *See also United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006) (district court's factual findings regarding an ambiguous state court judgment are reviewed for clear error).

registration period had not expired by July 2011. Therefore, Backus violated SORNA when he did not update his registration in Tennessee or Florida in July 2011, and the district court did not abuse its discretion when it denied Backus' motion to withdraw his guilty plea.

Further, the district court correctly determined Backus' sentence in accordance with his advisory guidelines range as a Tier II sex offender. Under the United States Sentencing Guidelines, a classification of Tier II results in an increase of two offense levels (from level 12 to level 14) in calculating a defendant's advisory guidelines range. U.S.S.G. § 2A3.5(a). Backus' pre-sentencing report (PSR) calculated Backus' sentence in this manner, yielding an advisory guidelines range of 27 to 33 months in prison. The district court concluded that the PSR was accurate, and sentenced Backus to 27 months in prison. Because Backus is a Tier II sex offender, the district court did not abuse its discretion in sentencing Backus in accordance with that status.[4]

### III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[4]Given that Backus is a Tier II sex offender, we need not examine his second argument on appeal – that, as a Tier I sex offender, he was not required to update his registration pursuant to SORNA in July 2011. Regardless of when his registration period began – 1995 or 2005 – Backus was required to update his registration pursuant to SORNA in July 2011 because his 25-year registration period as a Tier II sex offender could not have expired by that time from either proposed starting date.