NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0487n.06

Case No. 15-1872

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Aug 19, 2016
DEBORAH S. HUNT, Clerk

KYLE D. KENNARD,                                )
                                                )
        Plaintiff-Appellant,                    )
                                                )   ON APPEAL FROM THE UNITED
v.                                              )   STATES DISTRICT COURT FOR
                                                )   THE  EASTERN  DISTRICT  OF
MEANS INDUSTRIES, INCORPORATED,                 )   MICHIGAN
                                                )
        Defendant-Appellee.                     )


BEFORE: MOORE and COOK, Circuit Judges; GWIN, District Judge.[*]

COOK, Circuit Judge.  This case requires us to revisit our decision in *Kennard v. Means Industries, Inc.*, 555 F. App'x 555 (6th Cir. 2014).  Kyle Kennard asserts that the district court violated our mandate issued in *Kennard* and that Means Industries forfeited its offset defense to his claim for disability retirement benefits.  Disagreeing, we AFFIRM.

**I.**

Means employed Kennard for many years.  Injuries eventually forced him to stop working, at which point he redeemed a workers' compensation claim with Means for $220,000.  He then applied for disability retirement benefits pursuant to Means's Employee Retirement Income Security Act Plan (the Plan).  Means's Plan Administrator denied Kennard's disability-

---

[*]The Honorable James Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

benefits claim, finding him "not permanently disabled." The district court affirmed, but we reversed, ordering the district court to award disability retirement benefits. *Kennard*, 555 F. App'x at 558.

On remand, Means and Kennard agreed that the district court should enter judgment in Kennard's favor, which it did. But given the parties' disagreement as to how much Means owed Kennard, the district court remanded to the Plan Administrator to determine the amount of disability retirement benefits due. After offsetting Kennard's $220,000 workers' compensation redemption against his disability retirement benefits payable under the Plan, the Plan Administrator found Kennard entitled to $0. The district court affirmed. Kennard appeals.

## II.

### A. Judicial Notice

We must first resolve Kennard's motion for this court to take judicial notice of a certified transcript of another Means employee's workers' compensation redemption hearing. Kennard says that statements made in that hearing bolster his, and undercut Means's, arguments. While we could take judicial notice of this transcript's existence as "a fact that is not subject to reasonable dispute," Fed. R. Evid. 201(b); *see also Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (citing *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012)), the transcript's *existence* bears no relationship to this appeal. Instead, Kennard asks us to rely on the substantive representations in the transcript, which we may not do. *In re Omnicare, Inc. Sec. Lit.*, 769 F.3d 455, 468 (6th Cir. 2014). We therefore deny Kennard's motion.

### B. Our Prior Mandate

Kennard argues that the district court violated our prior mandate by remanding this case to the Plan Administrator to determine the amount of disability benefits owed him. *See Kennard*,

555 F. App'x at 558. We review the interpretation of an appellate mandate de novo. *United States v. Parks*, 700 F.3d 775, 777 (6th Cir. 2012) (citing *United States v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006)).

In the prior appeal, we reviewed the Plan Administrator's decision that Kennard was "not permanently disabled within the meaning of the [P]lan." *Kennard*, 555 F. App'x at 557. Concluding that no evidence supported the Plan Administrator's decision, we decided that an "award of benefits [wa]s appropriate without remand to the [P]lan [A]dministrator." *Id.* at 558 (quoting *Shelby Cty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir. 2009)). We therefore "remand[ed] the case to the district court with instructions to award Kennard disability retirement benefits." *Id.*

In attacking the district court's decision to remand the case to the Plan Administrator, Kennard highlights our "no-remand" language. But his suggestion that our mandate prohibited remand to the Plan Administrator for any reason is off base. We instructed the district court to enter judgment in Kennard's favor because he "is entitled to disability retirement benefits," (R. 76, Remand Order); *see also Kennard*, 555 F. App'x at 558, which the district court did. (R. 76, Remand Order.) Remanding the case to the Plan Administrator to resolve the parties' dispute over the *amount* of benefits owed remained within our mandate's purview. As the district court correctly reasoned, we "did not instruct [it] to determine in the first instance what amount Kennard is entitled to." And the district court's remand order limited the Plan Administrator to "determin[ing] precisely what benefits are due." Allowing the Plan Administrator to decide the amount of benefits due—but nothing else—did not contravene our command to "award Kennard disability retirement benefits," *Kennard*, 555 F. App's 558, "without remand to the [P]lan [A]dministrator," *id.*

*C. Means's Setoff Defense*

The Plan Administrator found Kennard entitled to $0 after offsetting Kennard's previous workers' compensation redemption against the disability retirement benefits owed him. Kennard claims that Means forfeited this offset defense by failing to plead it or brief it on summary judgment.

Though Federal Rule of Civil Procedure 8(c) requires defendants to plead affirmative defenses, no forfeiture invariably results from their failure to do so. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). Indeed, when the plaintiff learns of the unpleaded defense by other means and has a chance to rebut it, the plaintiff suffers no prejudice and the defendant may assert the defense. *Coffey*, 992 F.2d at 1445; *see also Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 573 (6th Cir. 2014); *Sushka*, 117 F.3d at 969.

We deem Means's offset defense preserved because Kennard had notice of it and ample opportunity to rebut it. First, Means pleaded that "no payment is due under the terms of the plan" as a defense to Kennard's claim. Two months later, Means sent a letter to Kennard alerting him that it would assert an offset defense. (R. 58-3, Letter) ("[Your workers' compensation] offset amount exceeds the monthly disability benefit to which you could be entitled. As a result, no disability benefit would be payable to you under the Plan even if you were determined to be disabled.".) Second, after the Plan Administrator originally found Kennard ineligible for disability benefits, Means invoked its offset defense to rebut arguments Kennard raised to attack that decision. Third, after we remanded the case to the district court, Means immediately invoked the offset defense.

To the extent Kennard claims that we resolved the offset-defense issue in his favor in our prior decision, he is mistaken. True, Means's brief in the first appeal raised the offset defense. But it did so as an alternate argument to Kennard's own alternate argument that Means violated ERISA's notice requirements. Our prior opinion left Kennard's notice argument unconsidered, and no decision on the offset-defense issue against Means can be discerned by implication. *See generally Kennard*, 555 F. App'x 555–58.

*D. The Plan Administrator's $0 Disability-Retirement-Benefits Decision*

Finally, Kennard attacks the Plan Administrator's decision finding him entitled to $0 in disability retirement benefits as arbitrary and capricious. After reviewing the record, the parties' briefs, and the applicable law, we determine that further discussion of this issue would be duplicative and serve no jurisprudential purpose. Accordingly, we affirm on the basis of the district court's well-reasoned order of July 7, 2015, affirming the Plan Administrator's decision.

## III.

For the foregoing reasons, we AFFIRM.

GWIN, District Judge, dissenting. Disagreeing with the majority's disposition of this case, I dissent.

When the district court remanded the benefit determination to the Plan Administrator, the district court disregarded this court's mandate and violated the law of the case we established in the first appeal. Moreover, in the first appeal, Means Industries made the same offset argument and we rejected it. For good reason. Means never directly made the offset argument to the Administrator or to the district court.

**I.**

Under Sixth Circuit law, "[t]he law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[1] "'[T]he mandate rule is a specific application of the law-of-the-case doctrine.'"[2] The mandate rule says "that a district court is bound to the scope of the remand issued by the court of appeals."[3]

Once this court issues its opinion and remands to the district court, "'the trial court must proceed in accordance with the mandate and the law-of-the-case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'"[4] The mandate "'must be read with the analysis offered in the opinion.' . . . [C]ontext matters."[5]

---

[1] *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[2] *Id.* at 570 (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)).

[3] *Id.*

[4] *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 549 (6th Cir. 2004)).

[5] *United States v. O'Dell*, 320 F.3d 674, 681 (6th Cir. 2003) (quoting *United States v. Santonelli*, 128 F.3d 1233, 1237–38 (8th Cir. 1997)).

The law-of-the-case doctrine has three exceptions: "'(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice.'"[6]

## II.

The district court failed to follow the mandate rule and abused its discretion when it remanded the benefit determination to the Plan Administrator following our decision in *Kennard I*. The majority concludes that "[a]llowing the Plan Administrator to decide the amount of benefits due . . . did not contravene our command to 'award Kennard disability retirement benefits.'"[7] In *Kennard I*, however, this Court expressly forbade the district court from remanding to the Plan Administrator. The opinion stated that "[b]ecause 'there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the [P]lan [A]dministrator.'"[8]

When a reviewing court concludes that a plan administrator has erroneously denied benefits, the court "'may either award benefits to the claimant or remand to the plan administrator.'"[9] When applying either remedy, however, the district court cannot remand a benefits claim to the Plan Administrator to consider new defenses not previously raised.

Under the mandate rule, a binding circuit court decision ordering benefit payments stops a further remand to the Plan Administrator. In this case, the language of the original Sixth Circuit

---

[6] *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)).

[7] Maj. Op. at 4.

[8] *Kennard v. Means Indus., Inc.*, 555 F. App'x 555, 558 (*Kennard I)* (6th Cir. 2014) (quoting *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir. 2009)).

[9] *Shelby Cnty*, 581 F.3d at 373 (quoting *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 621 (6th Cir. 2006)).

opinion orders a remand to the district court to award benefits. Our decision nowhere ordered a remand to the Plan Administrator.[10]

The Kennard I dissent in makes the scope of our mandate clear: "rather than award benefits, I would remand the case to the plan administrator for further consideration and fact-finding."[11] This Court did not remand to the district court with directions to remand the case to the Plan Administrator. This Court awarded benefits to the Appellant.

### III.

The district court also failed to follow the law-of-the-case doctrine and abused its discretion by allowing Means to bring the offset issue back into the case after our remand order. In the first appeal, Appellee Means Industries made the offset argument, and we rejected the offset argument. In effect, the district court reversed our holding that rejected Means Industries argument that benefits should be denied because Kennard had received workers compensation benefits.

In our earlier case, Means Industries specifically raised the offset issue. In its brief in the first appeal, Means argued "it would be a useless formality to remand this matter back to the Plan Administrator [] *because even if Kennard was found to be disabled under the Plan he would not be entitled to any pension benefits because the offset amount of his workers' compensation benefits received would exceed the monthly disability benefit* to which [Kennard] could be

---

[10] The opinion reads: "Because "there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate **without remand to the plan administrator**," *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, LLC, 581 F.3d 355, 373 (6th Cir. 2009) (internal alterations omitted), particularly in the absence of Means requesting an opportunity to reconsider Kennard's application. We therefore **remand the case to the district court with instructions to award Kennard disability retirement benefits**, retroactive to the date on which they accrued under the Plan, and to consider his request for attorney fees and costs under 29 U.S.C. § 1132(g)(1)." *Kennard I*, 555 F. App'x at 558 (emphasis added).

[11] *Kennard I*, 555 F. App'x at 559 (Moore, dissenting).

entitled. See Section 2.3(b) of the Plan."[12]  In the earlier appeal, Kennard responded that Means Industries had waived this offset argument by failing to present it to the Plan Administrator or present it to the district court as an affirmative defense.[13]

After considering Means Industries' argument that it was entitled to an offset for the workers compensation settlement and after receiving Kennard's argument that the offset issue had been waived, we issued a mandate that specifically said the case should not be remanded to the Plan Administrator. We ruled that "[b]ecause 'there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the plan administrator.'"[14]

The majority states that "[o]ur prior opinion left Kennard's notice argument unconsidered, and no decision on the offset-defense issue against Means can be discerned by implication."[15]  But in issuing a mandate that the case should not be remanded to the Plan Administrator, we also rejected Means's offset argument.  The district court disregarded that mandate when it remanded the damage determination to the plan administrator.

None of the exceptions to the law-of-the-case doctrine apply here.  Means Industries knew about the offset argument before Kennard filed his lawsuit; therefore there was not substantially different evidence on remand. Second, there was no intervening law change. Third, finding the offset defense to be waived was not clearly erroneous and would not work a manifest

---

[12] Case No. 13-1911, Doc. 23, Appellee Br., at  51 (emphasis added).

[13] Case No. 13-1911, Doc. 26, Reply Br., at 30–31.

[14] *Kennard v. Means Indus., Inc.*, 555 F. App'x 555, 558 (*Kennard I)* (6th Cir. 2014) *(*quoting *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir.2009)).

[15] Maj. Op. at 5.

injustice. "Generally, a failure to plead an affirmative defense . . . results in the waiver of that defense and its *exclusion from the case*."[16]

In this case, Means failed to raise the offset affirmative defense in its answer. Despite Means's failure to raise or argue the offset defense to district court, the majority finds that the offset defense was preserved because (1) Means's answer made the generalized defense that "no payment is due under the terms of the plan," and (2) a subsequent letter alerted Kennard that it would assert the defense.[17] However, Means's general defense that it owes no money to Kennard under the Plan was insufficiently specific to raise the offset defense. Moreover, mentioning the possibility of offset in one letter is not sufficient to preserve the defense. Before remand, Appellee never argued offset to the Plan Administrator or the District Court.

Therefore, Means Industries waived the offset argument and could not later rely on an offset argument to deny benefits. The issue should have been "exclu[ded] from the case."[18] Means raised the offset defense in the first appeal, and we rejected it. Against a backdrop where Means had never raised the argument to the district court before the first appeal, our earlier rejection of the offset argument does not satisfy a "clearly erroneous" exception to the law-of-the-case doctrine.

## IV.

For the foregoing reasons, I respectfully dissent. I would REVERSE the district court judgment that affirmed the denial of benefits, and order that the district court award Appellant retroactive benefits.

---

[16] *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990); Fed. R. Civ. P. 8(c)) (emphasis added).

[17] Maj. Op. at 4.

[18] *Phelps*, 30 F.3d at 663.