COOK, Circuit Judge.
This case requires us to revisit our decision in Kennard v. Means Industries, Inc., 555 Fed.Appx. 555 (6th Cir. 2014). Kyle Kennard asserts that the district court violated our mandate issued in Kennard and that Means Industries forfeited its offset defense to his claim for disability retirement benefits. Disagreeing, we AFFIRM.
I.
Means employed Kennard for many years. Injuries eventually forced him to stop working, at which point he redeemed a workers’ compensation claim with Means for $220,000. He then applied for disability retirement benefits pursuant to Means’s Employee Retirement Income Security Act Plan (the Plan). Means’s Plan Administrator denied Kennard’s disability-benefits claim, finding him “not permanently disabled.” The district court affirmed, but we reversed, ordering the district court to award disability retirement benefits. Kennard, 555 Fed.Appx. at 558.
On remand, Means and Kennard agreed that the district court should enter judgment in Kennard’s favor, which it did. But given the parties’ disagreement as to how much Means owed Kennard, the district court remanded to the Plan Administrator to determine the amount of disability retirement benefits due. After offsetting Kennard’s $220,000 workers’ compensation redemption against his disability retirement benefits payable under the Plan, the Plan Administrator found Kennard entitled to $0, The district court affirmed. Kennard appeals.
II.

A. Judicial Notice

We must first resolve Kennard’s motion for this court to take judicial notice of a certified transcript of another Means employee’s workers’ compensation redemption hearing. Kennard says that statements made in that hearing bolster his, and undercut Means’s, arguments. *335 While we could take judicial notice of this transcript’s existence as “a fact that is not subject to reasonable dispute,” Fed. R. Evid. 201(b); see also Davis v. City of Clarksville, 492 Fed.Appx. 572, 578 (6th Cir. 2012) (citing United States v. Ferguson, 681 F.3d 826, 834 (6th Cir. 2012)), the transcript’s existence bears no relationship to this appeal. Instead, Kennard asks us to rely on the substantive representations in the transcript, which we may not do. In re Omnicare, Inc. Sec. Lit., 769 F.3d 455, 468 (6th Cir. 2014). We therefore deny Ken-nard’s motion.

B. Our Prior Mandate

Kennard argues that the district court violated our prior mandate by remanding this case to the Plan Administrator to determine the amount of disability benefits owed him. See Kennard, 555 Fed.Appx. at 558. We review the interpretation of an appellate mandate de novo. United States v. Parks, 700 F.3d 775, 777 (6th Cir. 2012) (citing United States v. Haynes, 468 F.3d 422, 425 (6th Cir. 2006)).
In the prior appeal, we reviewed the Plan Administrator’s decision that Ken-nard was “not permanently disabled within the meaning of the [P]lan.” Kennard, 555 Fed.Appx. at 557. Concluding that no evidence supported the Plan Administrator’s decision, we decided that an “award of benefits [wa]s appropriate without remand to the [P]lan [A]dministrator.” Id. at 558 (quoting Shelby Cty. Health Care Corp. v. Majestic Star Casino, LLC, 581 F.3d 355, 373 (6th Cir. 2009)). We therefore “remand[ed] the case to the district court with instructions to award Kennard disability retirement benefits.” Id.
In attacking the district court’s decision to remand the case to the Plan Administrator, Kennard highlights our “no-remand” language. But his suggestion that our mandate prohibited remand to the Plan Administrator for any reason is off base. We instructed the district court to enter judgment in Kennard’s favor because he “is entitled to disability retirement benefits,” (R. 76, Remand Order); see also Kennard, 555 Fed.Appx. at 558, which the district court did. (R. 76, Remand Order.) Remanding the case to the Plan Administrator to resolve the parties’ dispute over the amount of benefits owed remained within our mandate’s purview. As the district court correctly reasoned, we “did not instruct [it] to determine in. the first instance what amount Kennard is entitled to.” And the district court’s remand order limited the Plan Administrator to “determining] precisely what benefits are due.” Allowing the Plan Administrator to decide the amount of benefits due—but nothing else—did not contravene our command to “award Kennard' disability retirement benefits,” Kennard, 555 Fed.Appx. at 558, “without remand to the [P]lan [A]d-ministrator,” id.

C. Means’s Setoff Defense

The Plan Administrator found Ken-nard entitled to $0 after offsetting Ken-nard’s previous workers’ compensation redemption against the disability retirement benefits owed him. Kennard claims that Means, forfeited this offset defense by failing to plead it or brief it ‘on summary judgment.
Though Federal Rule of Civil Procedure 8(c) requires defendants to plead affirmative defenses, no forfeiture invariably results from their failure to do so. Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997); Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993). Indeed, when the plaintiff learns of the unpleaded defense by other means and has a chance to rebut it, the plaintiff suffers no prejudice and the defendant may assert the defense. Coffey, 992 F.2d at 1445; see also *336 Lauderdale v. Wells Fargo Home Mortg., 552 Fed.Appx. 566, 573 (6th Cir. 2014); Sushka, 117 F.3d at 969.
We deem Means’s offset defense preserved because Kennard had notice of it and ample opportunity to rebut it. First, Means pleaded that “no payment is due under the terms of the plan” as a defense to Kennard’s claim. Two months later, Means sent a letter to Kennard alerting him that it would assert an offset defense. (R. 58-3, Letter) (“[Your workers’ compensation] offset amount exceeds the monthly disability benefit to which you could be entitled. As a result, no disability benefit would be payable to you under the Plan even if you were determined to be disabled.”.) Second, after the Plan Administrator originally found Kennard ineligible for disability benefits, Means invoked its offset defense to rebut arguments Ken-nard raised to attack that decision. Third, after we remanded the case to the district court, Means immediately invoked the offset defense.
To the extent Kennard claims that we resolved the offset-defense issue in his favor in our prior decision, he is mistaken. True, Means’s brief in the first appeal raised the offset defense. But it did so as an alternate argument to Kennard’s own alternate argument that Means violated ERISA’s notice requirements. Our prior opinion left Kennard’s notice argument unconsidered, and no decision on the offset-defense issue against Means can be discerned by implication. See generally Kennard, 555 Fed.Appx. 555-58.

D. The Plan Administrator’s $0 Disability-Retirement-Benefits Decision

Finally, Kennard attacks the Plan Administrator’s decision finding him entitled to $0 in disability retirement benefits as arbitrary and capricious. After reviewing the record, the parties’ briefs, and the applicable law, we determine that further discussion of this issue would be duplica-tive and serve no jurisprudential purpose. Accordingly, we affirm on the basis of the district court’s well-reasoned order of July 7, 2015, affirming the Plan Administrator’s decision.
III.
For the foregoing reasons, we AFFIRM.