GWIN, District Judge,
dissenting.
Disagreeing with the majority’s disposition of this case, I dissent.
When the district court remanded the benefit determination to the Plan Administrator, the district court disregarded this court’s mandate and violated the law of the case we established in the first appeal. Moreover, in the first appeal, Means Industries made the same offset argument and we rejected it. For good reason. Means never directly made the offset argument to the Administrator or to the district court.
I.
Under Sixth Circuit law, “[t]he law-of-the-case doctrine ‘posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.’ ”[1] “ ‘[T]he mandate rule is a specific application of the law-of-the-ease doctrine.’ ”[2] The mandate rule says “that a district court is *337 bound to the scope of the remand issued by the court of appeals.”[3]
Once this court issues its opinion and remands to the district court, “‘the trial court must proceed in accordance with the mandate and the law-of-the-case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court’s opinion and the circumstances it embraces.’ ”[4] The mandate “ ‘must be read with the analysis offered in the opinion.’ ... [C]ontext matters.”[5]
The law-of-the-case doctrine has three exceptions: “‘(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice.’ ”[6]
II.
The district court failed to follow the mandate rule and abused its discretion when it remanded the benefit determination to the Plan Administrator following our decision in Kennard I. The majority concludes that “[allowing the Plan Administrator to decide the amount of benefits due ... did not contravene our command to ‘award Kennard disability retirement benefits.’ ”[7] In Kennard I, however, this Court expressly forbade the district court from remanding to the Plan Administrator. The opinion stated that “[bjecause ‘there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the [P]lan [A]dministrator.’ ”[8]
When a reviewing court concludes that a plan administrator has erroneously denied benefits, the court “‘may either award benefits to the claimant or remand to the plan administrator.’ ”[9] When applying either remedy, however, the district court cannot remand a benefits claim to the Plan Administrator to consider new defenses not previously raised.
Under the mandate rule, a binding circuit court decision ordering benefit payments stops a further remand to the Plan Administrator. In this case, the language of the original Sixth Circuit opinion orders a remand to the district court to award benefits. Our decision nowhere ordered a remand to the Plan Administrator.[10]
*338 The Kennard I dissent in makes the scope of our mandate clear: “rather than award benefits, I would remand the case to the plan administrator for further consideration and fact-finding.”[11] This Court did not remand to the district court with directions to remand the case to the Plan Administrator. This Court awarded benefits to the Appellant.
III.
The district court also failed to follow the law-of-the-case doctrine and abused its discretion by allowing Means to bring the offset issue back into the case after our remand order. In the first appeal, Appellee Means Industries made the offset argument, and we rejected the offset argument. In effect, the district court reversed our holding that rejected Means Industries argument that benefits should be denied because Kennard had received workers compensation benefits.
In our earlier case, Means Industries specifically raised the offset issue. In its brief in 'the first appeal, Means argued “it would be a useless formality to remand this matter back to the Plan Administrator [ ] became even if Kennard was found to be disabled under the Plan he would not be entitled to any pension benefits because the offset amount of his workers’ compensation benefits received would exceed the monthly disability benefit to which [Ken-nard] could be entitled. See Section 2.3(b) of the Plan.”[12] In the earlier appeal, Ken-nard responded that Means Industries had waived this offset argument by failing to present it to the Plan Administrator or present it to the district court as an affirmative defense.[13]
After considering Means Industries’ argument that it was entitled to an offset for the workers compensation settlement and after receiving Kennard’s argument that the offset issue had been waived, we issued a mandate that specifically Said the case should not be remanded to the Plan Administrator. We ruled that “[bjecause ‘there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the plan administrator.’ ”[14]
The majority states that “[o]ur prior opinion left Kennard’s notice argument unconsidered, and no decision on the offset-defense issue against Means can be discerned by implication.”[15] But in issuing a mandate that the case should not be remanded to the Plan Administrator, we also rejected Means’s offset argument. The district court disregarded that mandate when it remanded the damage determination to the plan administrator.
None of the exceptions to the law-of-the-case doctriné apply here. Means Industries knew about the offset argument before Kennard filed his lawsuit; therefore there was not substantially different evidence on remand. Second, there was no intervening law change. Third, finding the offset defense to be waived was not clearly erroneous and would not work a manifest *339 injustice. “Generally, a failure to plead an affirmative defense ... results in the waiver of that defense and its exclusion from the case.”[16]
In this case, Means failed to raise the offset affirmative defense in its answer. Despite Means’s failure to raise or argue the offset defense to district court, the majority finds that the offset defense was preserved because (1) Means’s answer made the generalized defense that “no payment is due under the terms of the plan,” and (2) a subsequent letter alerted Kennard that it would assert the defense.[17] However, Means’s general defense that it owes no money to Kennard under the Plan was insufficiently specific to raise the offset defense. Moreover, mentioning the possibility of offset in one letter is not sufficient to preserve the defense. Before remand, Appellee never argued offset to the Plan Administrator or the District Court.
Therefore, Means Industries waived the offset argument and could not later rely on an offset argument to deny benefits. The issue should have been “exclu[ded] from the case.”[18] Means raised the offset defense in the first appeal, and we rejected it. Against a backdrop where Means had never raised the argument to the district court before the first appeal, our earlier rejection of the offset argument does not satisfy a “clearly erroneous” exception to the law-of-the-case doctrine.
IV.
For the foregoing reasons, I respectfully dissent. I would REVERSE the district court judgment that affirmed the denial of benefits, and order that the district court award Appellant retroactive benefits.

. Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).

. Id. at 570 (quoting United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999)).

. Id.

. Mason v. Mitchell, 729 F.3d 545, 550 (6th Cir. 2013) (quoting Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 549 (6th Cir. 2004)).

. United States v. O’Dell, 320 F.3d 674, 681 (6th Cir. 2003) (quoting United States v. Santonelli, 128 F.3d 1233, 1237-38 (8th Cir. 1997)).

. Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1071 (6th Cir. 2014) (quoting Hanover Ins. Co. v. Am. Eng'g Co., 105 F.3d 306, 312 (6th Cir. 1997)).

. Maj. Op. at 335.

. Kennard v. Means Indus., Inc., 555 Fed.Appx. 555, 558 (Kennard I) (6th Cir. 2014) (quoting Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC, 581 F.3d 355, 373 (6th Cir. 2009)).

. Shelby Cnty, 581 F.3d at 373 (quoting Elliott v. Metro. Life Ins. Co., 473 F.3d 613, 621 (6th Cir. 2006)).

. The opinion reads: “ ‘Because "there [is] no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the plan administrator,” Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC, 581 F.3d 355, 373 (6th Cir. 2009) (internal alterations omitted), particularly in the absence of Means requesting an opportunity to reconsider Ken-nard’s application. We therefore remand the case to the district court with instructions to award Kennard disability retirement benefits, retroactive to the date on which they accrued *338 under the Plan, and to consider his request for attorney fees and costs under 29 U.S.C. § 1132(g)(1),’” Kennard I, 555 Fed.Appx. at 558 (emphasis added).

. Kennard I, 555 Fed.Appx. at 559 (Moore, dissenting).

. Case No. 13-1911, Doc. 23, Appellee Br., at 51 (emphasis added).

. Case No. 13-1911, Doc. 26, Reply Br., at 30-31.

. Kennard v. Means Indus., Inc., 555 Fed.Appx. 555, 558 (Kennard I) (6th Cir. 2014) (quoting Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC, 581 F.3d 355, 373 (6th Cir.2009)).

. Maj. Op. at 336.

. Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) (citing Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir. 1988); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990); Fed. R. Civ. P. 8(c)) (emphasis added).

. Maj. Op. at 336.

. Phelps, 30 F.3d at 663.